*497
 
 Mr. Justice MILLER
 

 delivered the opinion of the court.
 

 If we correctly understand plaintiff’s counsel, one of the positions assumed by him in argument is, that the fact that under these circumstances defendant comes into the use and possession of the building, erected by the labor and money of plaintiff’s assignor, entitles plaintiff' to recover' the value of that building, without aid from the contract on that subject in the lease, which we will consider hereafter. The authorities cited to support this position relate to the class of cases in which tenants have been permitted to remove fixtures from the premises which they have placed there during the tenancy.
 

 Without elaborating the argument, it may be remarked that none of these authorities are applicable, for two reasons.
 

 1. The character of the building, in the present case, does not bring it within any of the principles upon which certain erections have been held removable as fixtures.
 

 2. The doctrine concerning this class of fixtures, which is a strong innovation upon the common law rule that ail buildings become a part of the freehold as soon as they are placed upon the soil, has extended no further than the right of removal while the tenant, is in possession; and has never been held to give a right of action against the landlord for their value.
 

 We can very well understand that if defendant wrongfully entered upon the building, and retains wrongful possession of it, he may be liable to plaintiff in action of trespass
 
 quare clausum fregil.
 
 But, as we understand the facts, there is no such wrongful entry; and plaintiff bases his right to recover upon a very different view of the matter.
 

 There was in the contract of lease between Link and: Sherman a covenant that, at the expiration of ten years from, the first day of May, 1859, it should be at the election of'the.lessor to purchase the buildings erected on the leased, premises at their appraised value at that time, or renew the lease of said premises for the term of ten years longer, ata rent to be appraised in like manner; and this election, on the part of the lessor, was to be exercised at the expiration^
 
 *498
 
 of every ten years for the period of ninety-nine years. The plaintiff now contends, — because the defendant terminated the lease before the first ten years had expired, by virtue of a clause authorizing the lessor to do so for non-payment of debt, — that, therefore, defendant became liable to pay him the appraised value of the building. He accordingly gave a notice of his claim, and of his readiness to join in appointing appraisers, and then brought this suit.
 

 It will be observed that while the right thus claimed is one growing out of the contract, and, as would reasonably b.e supposed, is for the failure to perform some obligation which that contract imposed, the action is neither covenant nor assumpsit, nor any other form of action founded on contract, but is an action on the case. And the counsel who framed the declaration objects in this court, “that the court below treated the case as one in an action of covenant, to enforce as against defendant Smith, the provision of the lease, upon the covenant on the part of Link as to the purchase of the building at the end of the term.”
 

 One obvious, reason why plaintiff does not wish to be considered as suing on the contract is, the difficulty of holding that the covenant to purchase is one which runs with the land, or which, in any other manner, bind's -Smith..as assignee of Link. An action -of covenant would also be liable to the .objection that the contingency on which the lessor was bound "either to renew the lease or purchase the building, had never arisen.
 

 To avoid these difficulties, the plaintiff brings an action on the case, in which he sets out this covenant with the entire lease and the other facts of the case, and seems to suppose that by virtue of the flexibility of this form of action, it may be found to embrace some principle which will justify a recovery. ¥e have already seen that the law imposes upon, the defendant no obligation to pay for the building apart from the contract. If the contract, when examined in the light'of the facts proved, imposes no such obligation, we are at a loss to perceive what other ground of liability can be assarted against defendánt.
 

 
 *499
 
 It is argued that the plaintiff’s assignor became the owner, and had title or estate in the building as separated and distinguished from the land; and while the defendant had the right to enter, take possession, and hold for a failure to pay rent, that right was in some way subordínate to plaintiff’s right to the house. But if we concede so singular a proposition as that the title to the soil was in defendant, while that of the building was in plaintiff, it by no means follows that defendant is bound to purchase plaintiff’s building. The utmost that can be claimed on that subject is that Smith is bound by the covenant of Link, the lessor, to purchase at the end of ten years
 
 or renew the lease.
 
 He may always exercise his option in favor of the latter proposition, and by the contract may never be bound to purchase. So that if the title to the building is in plaintiff, and defendant has wrongful possession of it, we revert again to the proposition that trespass, or some form of action for use and occupation, is all the legal remedy which the plaintiff has.
 

 But we cannot concede that 'plaintiff or his assignor had at any time the legal title to the building as distinct from the4 lot. The well-settled rule is, that such erections as .this become a part of the land as each stone and brick .áre added to the structure. The only exceptions to this rule are the class of fixtures already adverted to, and such rights as may grow out of express contract.. The contract before us was not intended to change this rule. The agreement to purchase means nothing more than that, in a certain event, the lessor will pay the lessee the value of such building,, but there is no implication of any general title or ownership in the lessee apart from that event-.- This contingency has not occurred., .and that it can never .occur' is the fault of the plaintiff .and his assignor. This observation is also applicable to the supposed- hardship of taking the building, the product of the plaintiff’s money and labor, without compensation. It is from plaintiff’s own default that the right to do this arises. He had his option to pay the' rent due defendant, and retain the right to pajnnent for his building when the time should arrive, or to give up his building, and with its loss relieve
 
 *500
 
 himself of the burden of paying rent. He chose the latter with full knowledge, and there is no injustice in holding him to the consequence of his choice. '
 

 The covenant for re-entry provides that, in default of payment of rent, the lessor may enter “ and the said premises repossess and enjoy, as in his first and former estate.”
 

 The plaintiff insists that the building is no part of such former estate, and defendant, therefore, does not become its owner by virtue of the re-entry. We have already shown that the building does become a part of the
 
 land
 
 as it is built. No such meaning was ever before attached to the use of the word estate in a legal document. It is used in reference to the nature of defendant’s interest in the property, and not to the extent of improvements on the soil. As if the lessor had a fee simple estate, it reverted to him again as a fee simple. If he had a term for years, he was in again as part of his term. But it had no relation to-the question of whether that estate might be more or less valuable when repossessed, or might bring to him more or less, buildings.
 

 We hold, then,
 

 1. That without the aid of a special contract, the law imposes no obligation on the landlord to pay his tenant for buildings erected on the demised premises.
 

 2. That treating the parties to this suit as standing in the places of the original lessor and lessee, no obligation arises from the contract in this case, that the lessor shall purchase or pay tor the building erected on said premises, except as an option, to be exercised at the end of each period of ten years.
 

 S. That the act of defendant in re-entering and possessing himself of the premises for plaintiff’s failure to pay rent, imposes upon him no obligation to pay plaintiff the value of the building.
 

 As the ruling of the court, to which exception was taken, was in conformity to these principles, the judgment must be
 

 Ajbttrmed with costs.