RIGHTER et al. vs. ROLLER et al.

1. SALE: *Puffing.*
   Mere commendation, or puffing, on the part of the vendor of goods, is not such a representation as will bind him.

2. FRAUD, MISREPRESENTATION, ETC.
   Fraud consists in the misrepresentation or concealment of material facts, forming an inducement to the making of the contract, and in regard to which, from the relative position of the parties, their means of information, etc., the opposite party must necessarily be presumed to have contracted in reliance on the representations; for if the means of information are alike accessible to both, they must be deemed to have relied on their own knowledge.

3. ————: *Rescission for fraud.*
   Where there is no warranty, and the sale is made under the false and fraudulent representations of the seller, the purchaser may return, or offer to return the goods, and avoid the contract.

4. MISREPRESENTATION.
   An untrue representation, in order to be fraudulent, must have been known by the party making it to be false.

APPEAL from *Phillips* Circuit Court.

Hon. W. H. H. CLAYTON, Circuit Judge.

*Tappan & Hornor,* for appellants.

*P. O. Thweatt, Wassell & Moore,* for appellees.

Righter et al. vs. Roller et al.

WALKER, J.:

Righter and wife filed a bill in equity to enjoin the sale of certain real estate under a deed of trust executed by them to secure the payment of a note for $1,500, given in payment for a barge sold by defendant to the plaintiff, William C. Righter. The bill charges that, at the time of the sale, Roller represented to the plaintiff that the barge was sound and seaworthy, and was suitable for freighting ice. That, on account of sheathing upon it, the barge could not be inspected, in consequence of which plaintiff could not, and did not, discover that it was not seaworthy. That at the time of the purchase the barge was worthless. That defendant, from his use and ownership, ought to have known that such was the fact. That after expending $1,000 in towing and repairs on the barge, it was of no value. That his offer to return the barge, when its condition was ascertained, was refused, and that it was afterwards sold for $100, which was more than its worth.

The defendant answered fully. He admitted all of the material allegations in the bill, except such as charge him with a knowledge that the barge was unsound, and his alleged statements at the time of the sale. These are positively denied. He alleged that the barge was unloaded of its cargo of ice at Helena and cleaned out; that defendant had ample time and opportunity to examine the barge, and did so, and bought it upon his own judgment, and not upon the representations of plaintiff; that it was seaworthy and suited for freighting ice, or insurable and sound; for such representations were, in fact, not made.

This statement of facts, and the response to them, will suffice to enable us to determine the only real question at issue—that of fraud.

The evidence offered by both parties throws but little light upon this question.

Plaintiff deposes, and makes the allegations in his bill part of his depositions.

The defendant also deposes, and makes his answer part of his deposition; there were no witnesses present; no one heard the contract when made, so that, in fact, the question of fraud stands upon the allegation on the one side, and the denial on the other

The allegations touching the contract are as follows: That the said John C. Roller, well knowing the purposes and wishes of plaintiff, represented to him that the barge was, in every way, suited to his purposes; that she was sound and seaworthy, except a hole in the bow, and was insurable, being then under insurance, and perfectly good for another season's business in freighting ice; and that, relying upon such representations and statements, and the apparent sound condition of the barge, as far as he was able to do so, bought the barge at the price of $1,500, for the payment of which he executed to defendant his note.

The further averment that the barge was unsound, and of little or no value is sufficiently proven, but the averment that the defendant knew, or ought to have known, the condition of the boat, is not proven, but is denied by the answer. There is no direct allegation of a knowledge of the condition of the boat when sold, or that the defendant falsely and fraudulently misrepresented the condition of the barge.

Before referring to the answer, and its effect upon the allegations, it may be well to understand the legal effect of the contract, and to what extent, if any, the defendant is liable.

Considering the allegations to have been sustained by the proof, it has been repeatedly held by this court that, however contrary to good faith and sound morals it may be to misrepresent the state of facts connected with the condition or value of property, such as puffing and commendation of the article sold, that this is not alone sufficient to avoid a contract.

Fraud consists in the misrepresentation or concealment of material faults, calculated to mislead the purchaser, forming an inducement to make the contract, in regard to which, from the relative position of the parties, and their means of information, the one must necessarily be presumed to contract upon the faith which he reposes in the representations made on account of superior information and knowledge in regard to the subject of the contract, for, if the means of information are alike accessible to both, the parties must be presumed to have relied upon their own knowledge, and, if mistaken, must abide the consequences.

It appears that, in this case, the defendant had only owned the barge about two months—bought it for the purpose of freighting ice. It had stood an inspection and been insured. In going down the Mississippi River, the barge struck a snag, which penetrated the bow. This was visible, and seen by both parties. The barge was so sheathed with plank as to render a close inspection of the hull difficult. The plaintiff inspected the barge, and was unable to detect rotten timbers; neither of them was builders or repairers of boats, and what was not discernable to one, may well have been presumed to have escaped the observation of the other. It is true that the mechanic, whose trade and business it was to examine and repair boats, certified that some nine months after the purchase of the barge, and after it was sent to the dock-yard at St. Louis for repairs, he, upon first sight, discovered that the barge was unsound, but it is to be presumed that this was the result of experience and observation, which men not thus employed do not possess.

In view of this state of facts, there was no such superior advantages for gaining information as to the real condition of the boat, as to fix upon the defendant a presumption that he suppressed any fact known to him at the time of the sale.

If the defendant had warranted the barge to be sound, then, no matter whether he knew it to be unsound or not, as the barge

proved to be unsound, the plaintiff, upon the discovery of such unsoundness, might have returned the barge, or have offered to return, as he did, and have rescinded the contract. As there was no warranty, this rule has no application to the case.

Where there is no warranty, and the sale is made under the false and fraudulent representations of the seller, by returning, or offering to return, the property, the purchaser may avoid and set aside the contract on account of such fraud. But under the state of case before us, this rule has no application. The misrepresentations in this case are not alleged to have been made fraudulently and falsely. The allegation is, that the defendant knew, or ought to have known, that the barge was unsound. It has been held by this court that, though the representations may be false, they are not deceitfully fraudulent unless known to the maker of them to be false. *Plant* v. *Condit*, 22 Ark., 454; *Morton* v. *Scull*, 23 Ark., 289. And such, too, has been the decision of the Supreme Court of Kentucky. *Campbell* v. *Hillman*, 15 B. Mon., 517, in which it was held, that in order to render representations, which prove to be untrue, fraudulent, they must have been known to be untrue when made.

Without an allegation that the statements alleged to have been made by the defendant to the plaintiff as an inducement to make the purchase, were made with a knowledge that they were false, the grounds for equitable relief were not shown on the face of the bill. If everything therein had been admitted, they would have been insufficient to charge fraud upon the defendant.

But, even if sufficiently charged, they were not proven. The defendant positively denies in his answer, and in his deposition on oath, that he ever made the representations alleged to have been made in the bill; they were not sustained by the proof, and, of course, unless alleged, the question of falsehood or fraud does not properly arise.

Having reached this conclusion all further investigation becomes unnecessary to a proper understanding and determination of the case.

The court below properly dissolved the injunction, with costs, and should have dismissed the suit. Let it be done in this court.