## GOCIO v. DAY.

1. LANDLORD AND TENANT: *Liability of landlord for improvements.*
   It is only by virtue of the agreement of a landlord to pay for improvements that his tenant can recover of him their value.

2.—SAME: *Same: Counter-claim.*
   When a landlord leads his tenant to believe that the value of improvements he may thereafter put upon the demised premises, will be deducted from the rent or paid to him, a special promise to that effect may be

implied; and such promise is the subject of a counter-claim in an action for the rent. But the mere fact that a landlord permits permanent improvements to be made without objection, or warning that he will not pay for them, raises no presumption that he intends to do so.

APPEAL from *Arkansas* Circuit Court.

JNO. A. WILLIAMS, Judge.

This was an action by a landlord against his tenant to enforce his lien for rent. The only defence was an account for improvements made upon the premises and pleaded as a set-off against the demand of the plaintiff. The evidence was conflicting as to whether there was any agreement to pay for improvements, or to deduct their value from the rent, and the court among other instructions given to the jury, charged them, in substance, that if it was shown that the plaintiff knew that improvements were being made and did not forbid the work, then the law requires him to pay for their value. The jury were also instructed, ''that the defendants are entitled to pay for permanent improvements, if made with the knowledge of the plaintiff, whether made under contract or not.'' To these instructions the plaintiff excepted. The verdict and judgment were against him and he appealed.

*Gibson & Holt*, for appellant.

A landlord is not responsible or liable to his tenant for improvements put upon the demised premises, unless he expressly agrees to pay for them, or acts in such manner as to lead the tenant to believe he intends to pay for them or deduct their value from the rent. The fact merely that the landlord knew the tenant was making improvements, and did not object, or forbid him, or warn him he would not pay for them, does not render him liable.

COCKRILL, C. J.

The law imposes no obligation upon a landlord to pay his tenant for improvements made by him upon the demised premises. The tenant is presumed to repair and improve for his own benefit; and his only right to the fruits of his labor expended for that purpose, is to enjoy the enhanced value of the premises during the term, and within certain limitations to remove the improvements before its expiration. It is only by virtue of an agreement by the landlord to pay for improvements that the tenant can recover their value of him. *Kuttar v. Smith*, 2 Wall., 491. But a special promise may be implied from conduct, and if the landlord leads the tenant to believe that the value of the improvements he may thereafter put upon the premises will be deducted from the rent or paid to him, 'a contract to do so may be implied; and a promise to pay thus imputed to the landlord is the subject of counter-claim in an action by him for the rent. But the mere fact that the landlord permits the tenant to make permanent improvements without protest or warning that he will not pay, raises no presumption that he intends to do so. *Dunn v. Bagby*, 88 N. C., 91.

Reverse the judgment and remand the cause for a new trial in accordance with these principles.