SWITZER, APPELLANT, *v.* ALLEN ET AL., RESPONDENTS.

[Argued August 3, 1891.  Decided August 31, 1891.]

LANDLORD AND TENANT. — *Improvements by lessee.* — A building constructed upon land by the lessee thereof under an agreement whereby the lessor was to pay the cost of the materials upon the termination of the lease, and the building was to remain upon the land, the lessor having the option to terminate the lease upon default in the payment of rent, becomes on default a part of the realty, and the purchaser thereof as personal property at an execution sale under a judgment against the lessee acquires no title.

*Appeal from Fifth Judicial District, Jefferson County.*

Action to recover possession of a building. Defendants' motion for a nonsuit was granted by GALBRAITH, J.

*Henry C. Smith,* and *George F. Cowan,* for Appellant.

Even though it should be conceded in this case that respondents can rely upon questions raised in their motion for a nonsuit which were overruled by the court, yet it seems clear from the authorities that the question as to whether this structure was a chattel or a part of the realty, and whether defendants were in possession at the time of the levy of the attachment, are questions of fact for the jury, and the court properly so ruled. (*Holmes* v. *Tremper*, 20 Johns. 28; 11 Am. Dec. 238; *Wagner* v. *Cleveland etc. R. R. Co.* 22 Ohio St. 563; 10 Am. Rep. 770; *Jewett* v. *Patridge*, 12 Me. 243; 28 Am. Dec. 173; *Cubbins* v. *Ayers*, 4 Lea (Tenn.), 329; *Hilborne* v. *Brown*, 12 Me. 162; *Tapley* v. *Smith*, 18 Me. 12; *Smith* v. *Benson*, 1 Hill, 176; *Davis* v. *Taylor*, 41 Ill. 405; 1 Washburn on Real Property, top p. 489, star p. 314; *Shannon* v. *Burr*, 1 Hilt. 39; *Adams* v. *Goddard*, 48 Me. 212; *Russell* v. *Richards*, 10 Me. 429; 25 Am. Dec. 254; *Osgood* v. *Howard*, 6 Me. 452; 20 Am. Dec. 322; *Western etc. R. R. Co.* v. *Deal*, 90 N. C. 110; *Stout* v. *Stoppel*, 30 Minn. 56; *Ombony* v. *Jones*, 19 N. Y. 234; Tyler on Fixtures, pp. 127, 414, 415, 427, 428, 429.) There is no testimony in this case that the owner of the premises had in any way defeated the estate of Schenck therein at the time of the attachment. (1 Washburn on Real Property, top p. 512, star p. 321.)

*Shober & Joyes,* for Respondents.

The evidence demonstrates that it was the intention of Mrs. Redding and Mrs. Stein that the building should never be moved. It was peculiarly adapted to the freehold as a permanent structure. (*Whipley* v. *Dewey*, 8 Cal. 37; *Merritt* v. *Judd*, 14 Cal. 59; *Jungerson* v. *Bovee*, 19 Cal. 355; *Marks* v. *Ryan*, 63 Cal. 107; Tyler on Fixtures, p. 75.) The test of the intention of the party at the time of making the annexation as a general proposition is more controlling upon the character of the structure than any other tests. (Tyler on Fixtures, pp. 114, 115; *Potter* v. *Cromwell*, 40 N. Y. 287–297; 100 Am. Dec. 485; *Teaff* v. *Hewitt*, 1 Ohio St. 511; 59 Am. Dec. 634; 1 Washburn on Real Property, 8.) The rule that the right of a tenant to remove his fixtures must be executed during the tenancy ap-

plies not only where tenancy terminates by lapse of time, but also to cases where it is terminated by his own acts. Thus he may renounce his right to remove his fixtures by a surrender of his lease to his landlord without reservation, and such surrender may be implied from the acts of the tenant, or by abandoning the premises under such circumstances as to indicate a purpose not only to cease to occupy and control them, but also to permit the landlord to resume possession thereof. (Ewel on Fixtures, 145; *Talbot* v. *Whipple,* 14 Allen, 180.)

BLAKE, C. J.— This action was commenced by Switzer against R. A. Allen, W. R. Stein, and Mrs. Redding and Mrs. Stein, to recover the possession of "one frame building, formerly used as a dance-hall." The answer denies that Switzer has any interest in the property, and alleges that the said Mrs. Redding and Mrs. Stein are the owners thereof. At the trial the court sustained a motion for a nonsuit, and it is proper to state what the testimony proved, and tended to prove. It is admitted by stipulation of the parties that said Mrs. Redding and Mrs. Stein "were the owners of the land known as the 'Alhambra Springs property,' upon which the house sued for stood, and that the legal title to said land was in their names at the time of the erection of the house, and still is." These persons by a written instrument leased, December 9, 1887, unto W. J. Heber and J. J. Schenck, said property and land for the term from January 1, 1888, to January 1, 1890. It is therein provided that the lessees will quit and deliver up the premises to the lessors "in as good order and condition (reasonable use and wear thereof and damage by the elements excepted) as the same now are or may be put into." Heber and Schenck were partners, and entered into an agreement in August, 1888, under which they constructed the dance-hall. The lessors were to pay the cost of the materials when the lease was terminated, and the house was to remain upon the land. In October, 1888, Heber sold his interest in the business to Schenck, who abandoned the premises about January 1, 1889, and departed from the Territory without settling the affairs of the firm. It was further provided in the lease that, "should default be made in the payment of said rent when due, and for five days thereafter, the said lessors,

their agent or attorney, may re-enter and take possession, and, at their option, terminate this lease." The sum of one hundred and fifty dollars was payable as rent to the lessors, January 1, 1889, and was not paid, and no part of the cost of said materials was ever received by the lessees. Switzer loaned August 2, 1888, the sum of three hundred dollars to said Heber and Schenck, who made and delivered their promissory note for the same.

Afterwards an action was commenced by Switzer, and a judgment was entered April 22, 1889, against Schenck. Such proceedings were had that, under an execution issued in said action, the dance-hall was sold as personal property to Switzer, who thereby asserts his title thereto.

The grounds of the motion for a nonsuit are the following: "(1) There is no evidence of ownership or right of possession to the property sued for in plaintiff. (2) The process by which plaintiff claims title was issued on a void judgment, and he could acquire no title thereunder. (3) None of the defendants were parties to the suit by virtue of which plaintiff claims title. (4) The attachment and execution were not levied as required by law. The evidence shows that defendants, Mrs. Stein and Mrs. Redding, were in the possession of the property at the time of the attempted levy of attachment and execution, and that no notice of attachment or garnishment of any character was served on any of the defendants, and the sheriff never took actual possession; and the evidence further shows that neither plaintiff nor sheriff had any possession of the property sued for. (5) The lease shows that the building sued for, being put on the ground during the period of the lease, would be the property of defendants. (6) The evidence shows that the building sued for became and was a part of the real estate, and that it was the expectation and intention of lessors and lessees that the building should remain on the premises, and be a part thereof. (7) There is no evidence of an approbation in writing of the lessors granting lessees a right to build the house sued for, as required by lease."

The motion was sustained upon the second ground, and the court held that the summons in the action wherein Switzer recovered a judgment was insufficient to confer jurisdiction.

We do not intend to consider this important question, and will put our decision upon another point, which was also presented in the court below. The intention of the lessors and lessees is clearly shown in the foregoing lease and agreement, and the said building was not to be removed from the Alhambra Springs property. The mere fact that, under the circumstances which have been disclosed, no actual payment for the lumber and materials of the dance-hall was made by Mrs. Redding and Mrs. Stein, does not affect the legal relations of the parties. This omission did not occur through any fault of the respondents. The materials did not cost more than the sum of three hundred dollars, and there was due to the lessors from the lessees, at the termination of the lease, the sum of one thousand eight hundred dollars for the rent of the premises. No claim, therefore, can be justly made by Heber and Schenck against Mrs. Redding and Mrs. Stein for any amount by reason of the construction of the dance-hall. This building was treated as a part of the realty, and, under the authorities, became subject to the statutes regulating this species of property. (*Van Ness* v. *Pacard,* 2 Peters, 137, and cases cited; *Kutter* v. *Smith,* 2 Wall. 491; *Talbot* v. *Whipple,* 14 Allen, 177; *Marks* v. *Ryan,* 63 Cal. 107.) Assuming that the process invoked by the appellant is valid, the property was not owned by the judgment debtor, Schenck, and no title could be acquired thereto by virtue of the sale under said execution.

It is ordered and adjudged that the judgment be affirmed.

*Affirmed.*

HARWOOD, J., and DE WITT, J., concur.