## HAIZLIP v. ROSENBERG.

Opinion delivered February 6, 1897.

LANDLORD AND TENANT—LIABILITY FOR DEFECTIVE PREMISES.—In the absence of a covenant to repair, a landlord who rents the upper story of a building containing water fixtures in good condition at the time of the lease, and gives the tenant exclusive possession and control thereof, is not liable to a tenant of the lower story for damages caused by some defect in such water fixtures oocurring during the term of the lease.

Appeal from Jefferson Circuit Court.

JOHN M. ELLIOTT, Judge.

### STATEMENT BY THE COURT.

This action was to recover $186.75 for rent of a store-house in Pine Bluff. Appellees admitted the possession and rental value as claimed, but set up a counter-claim for $290 damages, caused, as they allege, through the carelessness and negligence of the appellant in permitting "water fixtures in an unoccupied closet, situated above the store-room which appellees rented, to be and remain defective and insufficient for the purpose of carrying off water, whereby it ran down upon the goods of appellees, to their damage as above stated. In her reply appellant denied liability for the damage claimed, and alleged that at the time it occurred she had rented out to other tenants the upper story of the building, including the water closet, and that at the time of such rental the closet and water pipes were in good order, and that she was under no obligation to keep same in good condition.

The proof showed that the upper and lower stories of the brick store of appellant had been rented to separate tenants, the upper story to a cotton buyer, and

the lower to the appellees. There was a water closet in the upper story for the use of the tenant occupying said story, and one for the use of the tenants in the lower story, outside the building, in the yard. The water for the supply of the building was through a main pipe attached to the main of the water works. This pipe went through the closet in the yard, through the store, and up into the water closet upstairs.

The proof tended to show that the overflow was caused by the breaking of the stem of the ball-cock inside the tank of the water closet up stairs, which caused the ball-cock to get out of place, so that when the pressure of water was turned on, it overflowed the tank and ran down into the building. It was shown that the overflow pipe in the tank was pretty well corroded, so that the water could not run through. The witness testified that this pipe might have been fixed and cleared, and that if this had been done the overflow might or might not have happened. A stick was found under the ball-cock, and the stem to the ball-cock was corroded. There had not been a pressure of water which had reached the up stairs closet for a month or six weeks prior to the overflow. The strong pressure of the water may have broken the stem of the ball-cock, or the piece of wood under the ball-cock may have broken it. Just how the stem to the ball-cock was broken is left in doubt.

The only way of approach to the closet upstairs was by the front stairway through the cotton room of the upstairs tenant. The building, upstairs and down, was in first-class condition at the time it was rented. There was no fault about the construction of the water fixtures in the water closet. There was no contract with the tenants that appellent was to keep the water fixtures in repair. The appellant did not know, and

had no actual notice, that the water fixtures were in bad repair before or at the time of the overflow.*

Judgment for the appellees in the sum of $103.83.

*N. T. White* for appellant.

The third and fourth prayers for plaintiff correctly state the law of this case. 74 Me. 315; 43 Am. Rep. 591; 67 N. Y. App. 425; Taylor, Landlord & T. (6 Ed.) sec. 175, and note; 67 Mich. 336; 60 Ga. 612; 58 *id*. 204; 8 Ill. App. 378; 4 Rob. (N. Y.), 553; 1 Thomp. Negl. 91;

---

*NOTE—The court, upon the motion of defendants, instructed the jury as follows :

"1. The court instructs the jury, that if they find from the evidence that the water pipes in the building of the plaintiff were arranged for the entire building, which was rented in tenements, and got out of repair, then the plaintiff, as landlord of the whole building, is the one who should repair them, and it is not necessary for the defendants, Rosenberg & Miller, to show that the plaintiff, Millie Haizlip, had actual notice or knowledge of the defect ; it was the duty of the plaintiff, or her agent who rented the building for her, to use due care to see that the water pipes and fixtures so arranged for the entire building did not get out of repair, and ignorance of defects in such fixtures or pipes would be no defense to the counter-claim of Rosenberg & Miller.

"2. It is the general rule of law governing landlords and tenants that there is no implied warranty on the part of the landlord that the premises rented by him are in good condition; this rule, however, does not apply to water pipes that are meant for general use by all the tenants of the building which is rented to the several tenants, and for which no one of the tenants is responsible for want of repairs of such pipes. The landlord is bound to keep such parts of the premises as are intended for the common use of all the tenants in such a state of repair that they can be safely used. So, if the jury find from the evidence that the plaintiff, or her agent in charge of renting a building for her, did not use due care to keep the water pipes in the building in such condition that they would not overflow and become clogged up, so that they would cause the water to flow out in the building, and flood the goods of other tenants, whereby damages was sustained by them, she would be responsible for such damage, and the jury are authorized to deduct such damages from the rent they may find to be due to plaintiff in this case, and if such damages exceed the rent, they may find a verdict for the defendant over and above the rent sued for." (Reporter.)

Sh. & Redf. Negl. pp. 512, 513, 514. The landlord was not bound by his lease to make repairs, and the tenant took the premises "for better or for worse." 51 Ark. 48; 33 Cal. 341; 45 N. Y. 119; 2 Wall. 491; Taylor, Land. & T. (6 Ed.), secs. 327-8-9, etc.; *ib.* secs. 173 and 175; 54 N. Y. S. C. 406.

WOOD, J. In the absence of a statute, or a covenant to repair, a landlord who rents the upper story of his building containing a water closet, with water fixtures properly constructed and in good condition at the time of the lease, and who gives to the tenant the exclusive possession and control thereof, is not liable to a tenant of the lower story for damages caused by some defect in the water fixtures of said water closet, accruing during the term of said lease. The court erred in its charge. 2 Wood, Landlord & Tenant, sec. 381, note; *Freidenburg* v. *Jones*, 63 Ga. 612; *Jones* v. *Freidenburg*, 66 Ga. 505; 1 Taylor, Landlord & Tenant, sec. 172, 175a; *Gocio* v. *Day*, 51 Ark. 46; and authorities' cited in brief for appellant.

Reversed and remanded for a new trial.