JONES *v.* FELKER.

Opinion delivered May 7, 1904.

LANDLORD AND TENANT—REPAIRS.—A landlord is not liable to a tenant for repair of a fence, the necessity for which was caused by rains, where there was no agreement to pay therefor.

Appeal from Benton Circuit Court in Chancery.

JOHN N. TILLMAN, Judge.

Affirmed.

*C. M. Rice,* for appellant.

An equitable subrogation cannot arise where, in order to establish it, resort must be had to a usurious contract. 53 Ark. 271. One who has an interest in a security may advance what is fairly necessary to its preservation. 39 Ark. 296; 56 Ark. 312. In the absence of an agreement, the tenant being blameless, no duty devolves upon him to repair. 46 Md. 79; 94 U. S. 53; 12 Ad. & E. 476; 1 Daly (N. Y), 178; 100 Ill. 214.

*W. W. Sikes,* and *McGill & Lindsey,* for appellee.

Usury will not be inferred if the opposite conclusion can be reached. 57 Ark. 394; 68 Ark. 162. In the absence of a covenant to repair, the landlord is not liable to the tenant for repairs made by the tenant. 18 Am. & Eng. Enc. Law, 215; 63 Ark. 430; 51 Ark. 46.

BATTLE, J. W. R. Felker brought suit in the Benton circuit court against J. N. Jones and E. A. Jones to foreclose two chattel mortgages. He alleged in his complaint that the defendants, on the 29th day of September, 1894, executed to him their promissory note for $105.81, and 10 per cent. per annum interest thereon from date until paid, and dated it the day of its execution, and mortgaged certain personal property to secure its payment; that three payments had been made thereon, amounting in the aggregate to $62, the last one being on the 31st of December, 1897, which was within five years next before the commencement of this suit.

The defendants answered, and admitted the execution of the note and mortgage, and payments, and alleged that the note was given for money loaned, and interest thereon at a rate greater than 10 per cent. per annum, and is usurious and void; and that the plaintiff is indebted to them in the sum of $100 for work and labor done and performed for him, his use and benefit, and at his. request, in the rebuilding and repairing a fence on plaintiff's farm in the year 1899.

The plaintiff replied, and denied the usury and the indebtedness to the defendants.

The court found that there was no usury in the note sued on; that there was due thereon, after deducting the $62 and $6.95 due the defendants for hauling corn for plaintiff, the sum of $101.20, and that there was nothing due to the defendants for the rebuilding and repairing of a fence; and rendered judgment in favor of the plaintiff against the defendants for the $101.20, and ordered that the mortgaged property be sold to pay the same.

The evidence adduced in the hearing by the court was con- occupied it as tenants, the necessity therefor being caused by rains flicting, but sufficient to sustain the findings of the chancellor. There was evidence adduced by the defendants that tended to prove that they rebuilt a fence on the farm of plaintiff while they during their tenancy; but there was no agreement of plaintiff

to pay for it, and he is not bound to do so. *Gocio* v. *Day*, 51 Ark. 46; *Haizlip* v. *Rosenberg*, 63 Ark. 430.

Decree affirmed.

BUNN, C. J., and HUGHES, J., absent.