WEST SHORE RAILROAD COMPANY ET AL., DEFENDANTS IN ERROR, v. C. WILLIAM WENNER, PLAINTIFF IN ERROR.

Argued June 25, 1907—Decided November 18, 1907.

1. The rule with relation to the right of a tenant to remove trade fixtures at the expiration of his term has no application to a building erected by a tenant upon the land which he has leased. When so erected the building becomes a part of the freehold and the property of the landlord, in the absence of an agreement between the parties that it shall remain the property of the tenant.

2. Where a lease contains a covenant not to assign, and a provision that it shall be void on breach of such covenant, and reserves to the tenant the right to˙ remove from the leased premises at the end of the term any building which he may have erected thereon during the term, the lessee, by assigning the lease without authority of his lessor, and thus rendering the lease void, forfeits all right to remove such building.

On error to the Hudson Circuit Court.

For the plaintiff in error, *John Griffin.*

For the defendants in error, *James B. Vredenburgh.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This is an action in ejectment, and the question presented for solution is whether, in determining the mesne profits to which the plaintiffs are entitled, the rental value of a certain hotel building, located upon the lands in controversy, should be included or excluded. The pertinent facts are as follows: On August 26th, 1895, the plaintiffs made a lease, under seal, to one Simon Kelly, now deceased, of a tract of land in the township of Weehawken for ten years, at a yearly rental of $120 and taxes, Kelly covenanting not to assign the lease or sublet without the consent of his lessors. The lessors, on their part, covenanted, among other things, that if Kelly should build a hotel building on the premises within two years from the date of the

lease, and keep and perform the covenants contained in that instrument, he should be entitled to a renewal thereof for twenty-one years, at a rental to be agreed upon, or in the event of the parties not being able to agree, at a rental to be determined by arbitration. It was further covenanted in the lease that if the lessors, at the end of the renewal provided for therein, should pay the lessee the value of the building as determined by arbitrators, the lessee should surrender possession of the land and the building thereon. The instrument also contained a provision that on breach of any of the conditions or covenants contained therein by the lessee, his successors or assigns, it should cease, determine and be utterly void.

Kelly built the hotel upon the leased land within the specified period of two years, and then mortgaged, or undertook to mortgage, the building and the lease to the Lembeck & Betz Eagle Brewing Company. He died in 1900. Subsequently the mortgage was foreclosed and sale made to the present defendant, C. William Wenner, who entered into possession, claiming to be tenant and owner of the lease and building. The plaintiffs disputed this claim, insisting that the mortgage and sale constituted a breach of the covenant forbidding assignment without their consent, and because of such breach brought suit in ejectment to recover possession and mesne profits. The suit finally resulted in a judgment for the plaintiffs, which was affirmed by this court. *West Shore Railroad Co.* v. *Wenner,* 42 *Vroom* 682. After affirmance a writ of possession was issued out of the trial court, and the plaintiffs put in possession under it.

The plaintiffs seek by the present proceeding to recover the mesne profits which have accrued between the time of the entry of the judgment in the trial court and the issuing of the writ of possession after the affirmance thereof upon review, and claim that in their ascertainment the value of both the land and the building upon it are to be considered. The defendant, while admitting liability, defends upon the ground that the mesne profits are to be calculated upon the value of the land alone.

The trial court, on proof of the facts above recited, held that the enforcement of the forfeiture of the term by the plaintiffs carried with it a forfeiture of the right of the defendant to remove the building, and constituted it a part of the freehold, and, so holding, directed the rental value of the building to be included in the amount of the recovery. Error is assigned upon this direction.

We concur in the view expressed by the trial judge. The rule with relation to the right of a tenant to remove trade fixtures at the expiration of his term has no application to a building erected by a tenant upon the land which he has leased. When so erected the building becomes a part of the freehold and the property of the landlord, in the absence of an agreement between the parties that it shall remain the property of the tenant. *Howard* v. *Fessenden,* 14 *Allen* 126; *Madigan* v. *McCarty,* 108 *Mass.* 376; *Landon* v. *Platt,* 34 *Conn.* 517; *Kutter* v. *Smith,* 69 *U. S.* 491. In the present case no such agreement appears. All that was expressly bargained for with relation to the hotel structure was that if the lessee should elect to take a renewal of the original lease for the period of twenty-one years, the lessors should have a right to retain the building at the expiration of that period upon paying its ascertained value. It may be assumed that by necessary implication the lessee was to have the right to remove the building at the expiration of the renewal period if the lessors did not then exercise their option to pay its value. It may also be that by the true construction of the lease the tenant was entitled to remove the building at the expiration of the original term if he did not elect to take the twenty-one years' renewal, although this is more doubtful. But conceding all this, the agreement did not constitute the building a chattel removable by the tenant at his pleasure during the running of the lease. His right to sever the building from the freehold and remove it therefrom was contingent upon his continuing in possession under his lease until the expiration of his original term or its renewal. This contingency has not and now never can occur, and consequently the building remains

permanently the property of the landlord. *People's Bank* v. *Mitchell,* 73 *N. Y.* 406; *Kutter* v. *Smith, supra.*

It is said that a rule of law which permits the landlord to retain the product of the lessee's labor and money without making compensation is unjust, and therefore should not prevail. The complete answer to any such contention is given by Justice Miller in his opinion in the case last cited, and is this: That it is from the lessee's own default that the lessor's right to do this arises. He had the option, on the one hand, to observe the covenants of his lease, and so preserve his right to remove the building at the end of the term or receive compensation for it; or, on the other hand, to violate those covenants, and so forfeit his term, and with it any right to the building or its value. He chose the latter. The law presumes that he did so with full knowledge, and there is no injustice in holding him to the consequences of his choice.

The judgment under review will be affirmed.

*For affirmance*—MAGIE, CHANCELLOR, THE CHIEF JUSTICE, GARRISON, HENDRICKSON, PITNEY, REED, TRENCHARD, BOGERT, VREDENBURGH, VROOM, GREEN, DILL, J.J. 12.

*For reversal*—None.