DELANEY *v.* JACKSON.

Opinion delivered May 16, 1910.

1. INSTRUCTIONS—SUFFICIENCY OF EXCEPTIONS.—An exception to several instructions as follows: "To the giving of each of said instructions numbered one, two and three the defendant at the proper time excepted and asked that his exception to the giving of each of said instructions be noted of record, which is accordingly done"—is sufficient to raise objections to the several instructions. (Page 135.)

2. LANDLORD AND TENANT—DUTY TO REPAIR.—Unless a landlord agrees with his tenant to repair leased premises, he cannot, in the absence of a statute, be compelled to do so. (Page 135.)

3. EVIDENCE—CONTRADICTING WRITING.—Parol evidence is inadmissible to vary, qualify or contradict, to add to or subtract from the absolute terms of a valid and unambiguous written contract. (Page 135.)

4. SAME—PAROL PROOF OF FRAUD.—An intentionally false and misleading representation which induces a written contract to another's injury is a tort outside the contract, and may be proved by parol. (Page 135.)

5. FRAUD—MATERIALITY OF MISREPRESENTATION.—In order to vitiate a contract on the ground of fraudulent misrepresentation, such misrepresentation must relate to a matter material to the contract and in regard to which the other party had a right to rely and did rely, to his injury. (Page 136.)

6. SAME—OPPORTUNITY OF INFORMATION.—If the means of information as to the subject of a representation is equally accessible to both parties, they will be presumed to have informed themselves; and if they have not done so, they must abide the consequence of their own carelessness. (Page 136.)

Appeal from Garland Circuit Court; *W. H. Evans,* Judge; reversed.

*Wood & Henderson,* for appellant.

Appellant was not required to keep the premises in repair, there being no covenants in the lease to that effect. 71 S. W. 903; 10 L. R. A. 147; 55 Am. Dec. 45; 60 Atl. 886; 72 Ark. 405; 51 Ark. 46; 63 Ark. 430.

*Greaves & Martin,* for appellee.

Objection must be made at the time improper evidence is given, otherwise it is waived. The same is true with regard to instructions. 72 Ark. 371. An objection to the court's refusal to give several instructions collectively is not sufficient if any one of them is bad. 75 Ark. 181; 80 Ark. 528; *Id.* 587; 70 Ark. 482; 85 Ark. 130; 60 Ark. 256; 86 Ark. 103; 60 Ark. 250; 140 U. S.

234; 4 S. Dak. 88; 89 Hun 75; 52 Am. St. 94; 87 Ark. 614; 80 Ark. 528; 79 Ark. 338; 13 Pet. 302; 12 L. R. A. 554; 8 *Id.* 608; 69 Ark. 143. The oral evidence was admissible. 96 Tenn. 148; 34 L. R. A. 824; 73 Ark. 542; 22 Ark. 463; 87 Ark. 62; 47 Ark. 148; 21 Ark. 284; 38 Ark. 334; 17 L. R. A. 270. Where the verdict·in a new trial must ·be the same, the case will not be reversed.    43 Ark. 296; 44 Ark. 556; 46 Ark. 542; 57 Ark. 242; 60 Ark. 508.

BATTLE, J.  P. J. Delaney and J. B. Johnson entered into a written contract of lease, which is in part as follows: "This agreement, between P. J. Delaney and J. B. Johnson, as lessee, entered into at Hot Springs, Arkansas, this 15th day of September, 1908, witnesseth:

"That said lessor hereby leases and demises to said lessee the following described house and premises, namely, a certain two-story frame building house, known as the Marion Hotel, situated on Whittington Avenue and on lot 7, in block 132, of the city of Hot Springs, county of Garland and State of Arkansas, from the 15th day of September, 1908, to the 15th day of September, 1909, for the consideration of the monthly rent of one hundred ($100) dollars to be paid in advance on the first day of each and every month of said term, and for other valuable considerations hereinafter mentioned and described in the premises and covenants of said lessee hereinafter set forth.

"The said lessee hereby agrees and promises to pay to the lessor the sum of one hundred ($100) dollars on the first day of each and every month during the continuance hereof as rent for said premises. That is to say, said lessee is to pay one hundred ($100) dollars upon the execution and delivery of this lease and one·hundred ($100) dollars on the 15th day of each succeeding month during the term of this lease; and, as security for the payment of said rent and the faithful performance of his covenants as lessee herein, he has agreed, and does hereby agree, to pay to said lessor, upon the execution of this lease, the sum of three hundred ($300) dollars in lawful money of the United States, which said sum is to be held by said lessor to secure him against all loss from the nonpayment of rent on the part of said lessee, and for all damage done, suffered or

permitted by said lessee to the property herein leased during the term of this lease."

The contract was signed by both parties. It contained no stipulation or warranty that the roof of the house was in good repair, or that it would not leak, or to keep the same or house in repair.

Johnson instituted an action against Delaney on this contract, in the Garland Circuit Court, to recover the $300. He alleged in his complaint that he and defendant entered into the foregoing contract; that pursuant to the terms thereof he deposited with the defendant the $300 as security for the payment of rent; that the house at the time he rented it was untenantable; that its roof, in rainy weather, leaked to such an extent as to make the rooms of the house untenantable; that this defect was not known to him at the time he executed the lease; that defendant warranted the roof to be in good condition, and that it would be kept in good repair during the term of the lease; that plaintiff, on account of the condition of the roof, was compelled to surrender the house on the 15th day of January, 1909; that he demanded the return of the $300, and the defendant refused to pay it. He therefore asked for judgment for the $300 and interest.

Defendant answered and denied all the material allegations of the complaint.

In a trial before a jury plaintiff, Johnson, testified that he entered into the foregoing contract of lease with the defendant; that while he and defendant were looking at the house, before executing the contract, he asked the defendant if the house leaked, and he replied it had, but it did not then. He testified, over the objection of the defendant, that the defendant further replied that he would guaranty that the house did not leak, and that the roof was in good condition. He also testified that he deposited the $300 with the defendant, who still had it; that when the first rain fell after he took possession of the house he discovered that it leaked to such an extent as to be untenantable; that he notified defendant that it leaked and requested him to repair it, and he failed to do so; that he gave up the house on the 15th of January, 1909, on account of the leaking roof, and paid the rent up to that time but no more; that he demanded the $300, and the defendant refused to pay

it, saying he would do so if plaintiff would comply with his contract.

Delaney, the defendant, testified that he told plaintiff, before renting the house to him, that it did not leak, and it did not at that time; that "it was in good shape at the time he took it; that he had no knowledge of any leaks until after plaintiff had given the house up." "That he never agreed to make any repairs or changes in the house at all; it was to be turned over to plaintiff just as it was. After plaintiff left he had the roof repaired and leaks closed for three dollars and fifty cents or four dollars."

Much other evidence, unnecessary to set out, was adduced by both parties.

The court at the request of plaintiff gave to the jury, over the objections of the defendant, three instructions, among which is the following:

3. "You are instructed that it is the duty of the landlord to keep the roof of a demised building in reasonably good condition to prevent leaking, and, if the roof became leaky, it is his duty to make the repairs within a reasonable time after notice thereof, **failing in** which the tenant may terminate the lease and recover any sum deposited by him as security for the rent."

And the defendant asked for six, and the court gave two and refused the other four. It is unnecessary to copy the other instructions given or those refused. It is sufficient to state the law by which the court should have been governed when acting upon them.

The jury returned a verdict in favor of the plaintiff for $300, for which the court rendered judgment in his favor. The defendant appealed.

Appellee says that appellant excepted *en masse* to the three instructions given by the court at his request, and that, if any one of the three should have been given, his objection should not have been sustained; and that he excepted in the same manner to the refusal of the instructions asked by himself, and that, if any one of them should have been refused, his objections was properly overruled. But appellee's contention is not tenable. The following is the exception to instructions given as noted of record: "To the giving of each of said instructions

numbered one, two and three the defendant at the proper time excepted and asked that his exception to the giving of each of said instructions be noted of record, which was accordingly done." His exception to the refusal of instructions is noted as follows: "The court gave instructions numbered three and four as asked by the defendant, but refused to give instructions numbered one and two, asked by the defendant, to which refusal to give said instructions one and two and each of them, the defendant at the time excepted and asked that his exceptions to the refusal to give each of said instructions be noted of record, which was accordingly done. That the court refused to give instructions numbered five and six as asked by the defendant, to which refusal of the court to give said instructions and each of them respectively as asked by the defendant, the defendant at the time excepted, and asked that his exceptions to the refusal of the court to give each of said instructions respectively be noted of record, which was accordingly done." From these notes on record it appears that the word used to designate the instructions excepted to was "each," which means that every instruction to which it refers was excepted to separately, and not collectively. It is not an appropriate word to designate several collectively and independently of each other, without considering them severally, but is sufficient to raise objections to instructions severally when designated by it as excepted to. *Geary* v. *Parker,* 65 Ark. 521, 525. Defendant's exceptions were properly reserved.

Unless a landlord agrees with his tenant to repair leased premises, he cannot, in the absence of a statute, be compelled to do so, and cannot be held liable for repairs. 1 Taylor's Landlord and Tenant (9th ed.), §§ 327, 328; *Jones* v. *Felker,* 72 Ark. 405; *Gocio* v. *Day,* 51 Ark. 46; *Haizlip* v. *Rosenberg,* 63 Ark. 430.

The court erred in giving instruction numbered 3 and copied in this opinion.

As to other questions in the case, it is sufficient to say: Parol evidence is inadmissible to vary, qualify or contradict, to add to or subtract from, the absolute terms of a valid written contract containing no ambiguity. (*Richie* v. *Frazer,* 50 Ark. 393). But "an intentionally false and misleading representation, which induces a written contract, to another's injury, is a tort

outside the contract, and provable by parol." (*Hanger* v. *Evins,*
38 Ark. 334). "In order to vitiate a contract on the ground of
fraudulent misrepresentation, the misrepresentation must relate
to a matter material to the contract and in regard to which
the other party had a right to rely, and did rely, to his injury."
If the means of information as to the matters represented is
equally accessible to both parties, they will be presumed to
have informed themselves; "and, if they have not done so, they
must abide the consequences of their own carelessness." *Righter*
v. *Roller,* 31 Ark. 170; *Cooper* v. *Merritt,*. 30 Ark. 686; *Yeates*
v. *Pryor,* 11 Ark. 58; *Wilson* v. *Strayhorn,* 26 Ark. 28; *Hill* v.
*Bush,* 19 Ark. 522; *Grider* v. *Clopton,* 27 Ark. 244; *Dugan* v.
*Cureton,* 1 Ark. 31; *Hughes* v. *Sloan,* 8 Ark. 146.

Reverse and remand for a new trial.