### OUTCAULT ADVERTISING COMPANY *v.* BRADLEY.

#### Opinion delivered October 7, 1912.

EVIDENCE—PAROL EVIDENCE TO VARY WRITING.—Parol contemporaneous evidence is inadmissible to contradict or vary the terms of a valid written instrument.

Appeal from Lonoke Circuit Court; *Eugene Lankford,* Judge; reversed.

#### STATEMENT BY THE COURT.

Appellant sued appellee for $108.16, for one year's service for advertising cuts and type, upon the following written contract:

"To the Outcault Advertising Company,     Order No. 544.

"334 Dearborn Street, Chicago, Ill.   Date, 3-11-10.

"Ship us at our expense your 'Little House Maid furniture ad.' service to cover a period of one year, beginning April, 1910. The service to consist of: Fifty-two Little House Maid cuts. One font Little House Maid type (ten pounds in font).

"We (or I) agree to pay you net cash monthly at the rate of $2.08 per week, for one year, we (or I) to have exclusive right to use the above Little House Maid 'ad.' service in our city only, and to hold type and cuts subject to your order when this contract expires.

"This contract can not be cancelled. Ship us all at once, if possible.

"William F. Bradley,
"Carlisle, Ark.
"C. H. Elliott, Salesman.

"Salesmen are not authorized to alter this contract by verbal agreement."

It was alleged that appellant had performed its part of the contract, and that defendant had accepted and retained the advertising matter and refused to perform their contract, to its damage in the full amount thereof, for which judgment was prayed.

The appellee admitted signing the contract, denied any indebtedness thereunder, "and charged that a fraud was perpetrated in this: that said plaintiff claimed that for said amount mentioned in said contract that the said *Carlisle Independent* would publish and print in its paper said cuts, and that the sum mentioned in said contract would include, in addition to said cuts, pay for the printing, which statement was false, plaintiff having made no agreement at all with said printer," and denied the breach of the contract on his part, and that plaintiff was damaged.

The testimony shows that the contract was executed, and in pursuance to its terms appellant shipped the "Little House Maid furniture ad." service to appellee, consisting of fifty-two cuts and one font of type, in accordance with the contract, and that appellee refused to pay anything whatever under the terms thereof.

Appellee testified that he signed the contract, and that the goods were shipped "and when delivered to me I immediately took them back to the depot. I had notified the company not to ship the goods to me because they had misrepresented the contract to me. I did not keep the goods five minutes." Other statements were made by the witness of the terms of the contract, different from the written contract, which the court afterwards excluded from the jury.

The court instructed a verdict for plaintiff for one dollar, over its objections, and from the judgment it appealed.

*Trimble, Robinson & Trimble*, for appellant.

Evidence of representations by the agent in contradiction of the terms of the contract was wholly inadmissible. 105 Ga. 34. The contract and performance thereof by appellant having been proved, the court should have instructed a verdict for the full amount of appellant's claim.

*George M. Chapline,* for appellee.

The fraudulent representations by the agent, whereby appellee was induced to sign the contract, avoid the contract and are available as a defense.   96 Ark. 371.

The principal is bound by fraudulent acts of his agent within the apparent scope of his authority, notwithstanding the agent may have acted without the knowledge of the principal.   1 Am. & Eng. Enc. of L. (2 ed.), 1159-1161; 23 Ark. 289.

KIRBY, J., (after stating the facts).   It is contended by appellant that it is entitled to the full amount specified in its contract for the service, and that the court erred in instructing a verdict for one dollar.

The statement of appellee, attempted to be introduced in evidence, related to a matter that he claimed was discussed before the execution of the contract, and as an inducement thereto, but it was entirely at variance with its terms, as expressed in writing, and no error was committed in excluding it from the jury.

"Parol contemporaneous evidence is inadmissible to contradict or vary the terms of a valid written instrument," and there is no ambiguity or uncertainty in the written instrument which would permit the introduction of parol testimony in explanation of it.

The advertising service having been furnished to appellee in accordance with the terms of the contract therefor, he will not be excused from the payment for same, as agreed, because he did not use it, but is bound therefor as though he had done so, it being placed at his disposal, as it was contracted to be.   The amount of his liability is in no wise decreased by the fact that he declined to perform the contract, and the judgment should have been for the full amount thereof, $108.16, and the court erred in instructing a verdict for a smaller amount.

The judgment is reversed, and judgment will be entered here for said sum.   It is so ordered.