# EISINGER v. GILL.

LANDLORD AND TENANT; FIXTURES; REMOVAL.

The mere fact that it comes to a tenant's attention that his landlord
    expects to purchase a trade fixture from him, without his learning
    that this is anything more than unfounded rumor, does not take
    the case out of the general rule that a tenant who voluntarily leaves
    such a fixture at the expiration of his term abandons it to the
    landlord.

No. 3055.   Submitted December 11, 1917.   Decided February 4, 1918.

HEARING on an appeal from a judgment of the Supreme
Court of the District of Columbia, under the 73d rule for want
of a sufficient affidavit of defense, in an action on a promissory
note.                                         *Affirmed.*

The COURT in the opinion stated the facts as follows:

Appeal from a judgment under the 73d rule for the plaintiff,
appellee here.

Plaintiff declared upon a promissory note and the common
counts, but in his affidavit of merit he set forth with particu-
larity the circumstances under which the note was given. There-
upon the defendant, appellant here, interposed three pleas, *non
assumpsit, nil debit,* and a plea of set-off. Attached to these
pleas was an affidavit of defense. A motion for judgment under
the 73d rule followed, and the defendant was given leave to file
a substitute affidavit, the motion being continued. In this affi-
davit defendant admits the making of the note sued upon, but
alleges that the plaintiff is indebted to him in the amount of
$1,000, "the same being the value of a certain trade fixture
erected by the defendant upon premises 2101 Seventh street,
N. W., Washington, District of Columbia, the property of the
plaintiff for defendant's use in his business in the operation of
a lumber yard, and which defendant had the right to remove

at the termination of his tenancy, but which was left upon plaintiff's premises under such circumstances as made the plaintiff liable to pay the defendant for the value of the same." It then is alleged that the defendant occupied the above premises as plaintiff's tenant, and that defendant "did so remain in possession of the said property as a tenant by sufferance until, to wit, June 4, 1916, when pursuant to the requirements of a thirty-day notice given by the plaintiff to the defendant on May 6, 1916, the defendant vacated said premises." It is further alleged that the defendant did not then "remove from the premises his aforementioned office structure, although he did not abandon his right to the same, but allowed the same to remain upon the plaintiff's premises, it having come to his attention that the plaintiff expected to purchase same from him. Thereafter the plaintiff offered to pay defendant for the said office structure but at a price which defendant considered inadequate, and the defendant declined to accept the amount offered as aforesaid in settlement." A letter written by defendant's attorney, under date of June 13th, in reply to a letter from plaintiff's attorney under date of June 10th, then is set forth. In this letter counsel for defendant stated that the only reason the building in question and a small shed in the rear were not taken down "was that it had come to our attention that Mr. Gill (plaintiff) would want to buy these from us * * * so that we left these buildings up * * * as we could have easily gotten the office and the other shed off in the time allowed us." The letter to which this was a reply is not set forth.

*Mr. Hayden Johnson* and *Mr. Thos. H. Patterson,* for the appellant.

*Mr. P. H. Marshall,* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

We must assume, for the purposes of this opinion, that the building in question was of such a character as to make it a trade fixture, subject to removal by the tenant. *Van Ness* v.

*Pacard,* 2 Pet. 137, 7 L. ed. 374; *Ray* v. *Young,* 160 Iowa, 613, 46 L.R.A.(N.S.) 947, 142 N. W. 393, Ann. Cas. 1915D, 258. Appellant concedes that under the general rule a tenant who voluntarily leaves such fixtures at the expiration of his term abandons them to the landlord. *Kutter* v. *Smith,* 2 Wall. 491, 17 L. ed. 830; *Morey* v. *Hoyt,* 62 Conn. 542, 19 L.R.A. 611, 26 Atl. 127; *Carlin* v. *Ritter,* 68 Md. 478, 6 Am. St. Rep. 467, 13 Atl. 370, 16 Atl. 301. He contends, however, that the facts alleged in his affidavit bring the case within the exception, and among the authorities cited in support of this contention is *Torrey* v. *Burnett,* 38 N. J. L. 457, 20 Am. Rep. 421. In that case it clearly appeared that the landlord had induced the tenant to leave the fixture on the premises by agreeing to sell it for him. It is not strange, therefore, that the court declined to lend its aid to such a fraud. But the facts in the present case are quite different. Appellant had thirty days within which to remove this fixture, and this he admits was amply sufficient. Why did he permit it to remain? His affidavit, which took the place of one possessing infirmities, and which, therefore, we must assume to have been as broad and definite as possible (*Mearns* v. *Harris,* 45 App. D. C. 536), states that it had "come to his attention that the plaintiff expected to purchase same from him." This is altogether too indefinite. It may have been mere unfounded rumor, and it was defendant's business to learn whether there was any foundation for what came to his attention. The obvious way for him to have gained this information was by interviewing or communicating with the plaintiff, but it is not alleged that he attempted either method. In other words, there is no averment from which we can infer that plaintiff was in any way responsible for the defendant's failure to remove this fixture. There is a statement that, after defendant had vacated the premises, plaintiff offered to pay him for the fixture; but the rights of the parties then having become fixed, this offer amounted to nothing more than an expression of plaintiff's willingness to compromise. We are forced to conclude, as did the learned

trial justice, that no defense to plaintiff's action has been stated, and therefore must affirm the judgment, with costs.

*Affirmed.*

Mr. Justice SIDDONS, of the Supreme Court of the District of Columbia, sat with the Court in the hearing and determination of this appeal, in the place of Mr. Justice VAN ORSDEL.

