FEDERAL LUMBER COMPANY v. HARRIS.

Opinion delivered March 13, 1922.

EVIDENCE—PAROL TESTIMONY TO VARY WRITTEN CONTRACT.—Parol testimony cannot be introduced to vary, add to or contradict the terms of a written contract. Thus, where a bill of sale of a saw-mill was executed and a draft given to cover the cash payment,

and notes were executed for the balance of the purchase money, parol evidence was inadmissible to prove that the seller had agreed to deliver a specified number of feet of logs or lumber on the mill-site.

Appeal from Sevier Chancery Court, *James D. Shaver,* Chancellor; affirmed.

*Lake & Lake,* for appellant.

The findings of the chancellor are against the weight of the evidence. 146 Ark. 87; 106 Ark. 583; 102 Ark. 383.

Appellant, as the undisclosed principal or beneficiary of the deal, had the right to maintain the suit. 117 Ark. 372; 78 Ark. 241; 120 Ark. 472, and cases cited.

The delivery of a part of the timber contracted for was sufficient to take the case out of the statute of frauds. 135 Ark. 31; 79 Ark. 338; 128 Ark. 434; 19 Ark. 473.

*E. K. Edwards, B. E. Isbell,* for appellee.

Oral testimony is inadmissible to vary or contradict an unambiguous written contract.

The findings of fact of a chancellor will not be disturbed on appeal when supported by competent evidence.

HUMPHREYS, J.   This suit was commenced in the Sevier Circuit Court by appellant against appellee to recover damages in the sum of $4,728, for the breach of an alleged partially performed oral contract to deliver to appellant at its sawmill 800,000 feet of sawlogs. It was alleged in the complaint that appellant purchased from appellee a mill and planer located near Lockesburg, for $2,500, and 800,000 feet of sawlogs at $9 per thousand feet to be delivered at the rate of 100,000 feet per month at said mill; that the primary consideration for the purchase of the mill was the agreement by appellee to deliver the logs at the mill; that appellant paid $500 in cash and executed three notes, two for $500 each and one for $1,000, secured by a mortgage on the mill and planer for the balance of the purchase money for the plant; that it afterward paid the two $500 notes, but had not paid the note for $1,000; that appellee delivered 8,000 feet of logs, for which appellant paid $10 per thousand, but

failed and refused to deliver any more; that, on account of the failure to deliver the logs as per contract, appellant suffered damages in the sum stated above; that appellee was about to institute foreclosure proceedings and subject the plant to the payment of the $1,000 note; that, if permitted to do so, on account of the insolvency of the appellee, appellant would be compelled to pay the note and receive no remuneration from the damages sustained on account of the breach of the contract. The prayer of the complaint was for judgment for damages in the amount claimed, and for a restraining order against the transfer of the note and foreclosure of the mortgage.

Appellee filed an answer, denying that he entered into the alleged oral contract, and that the primary consideration for the sale of the mill was an undertaking on his part to deliver sawlogs on the millsite; but alleged that he entered into a written contract with Phil T. Stevenson for the sale and purchase of the sawmill and planer for $2,500, $500 cash and $2,000 upon deferred payments, evidenced by three promissory notes, two being for $500 each and one for $1,000, which were secured by a chattel mortgage executed by Phil T. Stevenson himself; that when he sold the sawmill and planer he executed a bill of sale for same in the usual form to Stevenson; that the notes were indorsed by K. R. Hicks for appellant; that appellant paid the two $500 notes, but refused to pay the $1,000 note when same matured. The prayer of the answer was that appellant take nothing by reason of his complaint, and that appellee have judgment for his costs. Appellee asked that Phil T. Stevenson be made a party and filed a cross-bill against him and appellant, embodying the necessary allegations for a judgment upon the note and a foreclosure of the mortgage, and obtained a transfer of the cause to the chancery court.

The cause was submitted upon the pleadings and evidence, which resulted in the dismissal of appellant's

complaint and a decree in favor of appellee upon his cross-complaint, from which is this appeal.

The testimony adduced by appellant tended to show that it was unwilling to purchase the sawmill and planer from appellee unless assured of sufficient timber to operate the plant; that therefore it entered into a contract with appellee for the sale and purchase of the mill and planer and 800,000 feet of logs or timber to be delivered at the millsite at the rate of 100,000 feet per month; that the prime consideration for the contract was the procurement of the timber. Appellant contends that it is shown by a great preponderance of the evidence that it entered into such a contract with appellee. The testimony shows that, after the terms of the contract had been discussed and agreed upon, the parties repaired to the law office of E. K. Edwards and requested him to prepare a bill of sale, notes and mortgage covering the sale and purchase of the sawmill and planer. Edwards asked them to state the terms of the contract to him, giving the particulars. Appellee stated that he was selling his mill and planer to Stevenson, including the lumber on the yard, but that it was unnecessary to include the lumber in the bill of sale because it was ready for the market and would be shipped away before the notes were due. The attorney asked whether K. R. Hicks was a party to the contract. Hicks replied that he was an officer in the appellant company and was going to sign the notes as surety for Stevenson, as appellant would handle the output of the mill. The attorney had made a memorandum of the particulars from which to draft the bill of sale, notes and mortgage, then propounded this question to the parties, "Now, does this cover it all?" One of them, in the presence of the others, said "Yes." A bill of sale for the mill and planer, in the usual form, was prepared by the attorney, signed by appellee and delivered to Stevenson. A draft was drawn in favor of appellee by Hicks to cover the cash payment of $500 and delivered to appellee. Three notes covering the balance of the pur-

chase money, and a mortgage to secure them, were executed by Stevenson upon the plant and delivered to appellee. None of the written instruments embodied or even referred to an undertaking on the part of appellee to deliver 800,000 feet of logs or timber on the millsite at the rate of 100,000 feet per month for $9 per thousand feet, or that such an undertaking was a part of the consideration or inducement for the sale of the mill and planer.

We deem it unnecessary to set out the substance of and analyze the oral evidence to ascertain where the weight thereof lies, as it was inadmissible. It tended to vary the written contract, consisting of the bill of sale, notes and mortgage. These instruments constituted a complete contract on their face; and, in addition to this fact, one of the three parties, in the presence of the others, stated to the attorney who drafted the instrument that they covered the transaction. The oral evidence offered by appellant tended to burden appellee with obligations, contractual in nature, different from those expressed in the writings constituting the contract.

The rule that parol testimony cannot be introduced to vary, add to or contradict the terms of a written contract has been often announced and applied by this court. *Delaney* v. *Jackson,* 95 Ark. 131; *Outcault Advertising Co.* v. *Bradley,* 105 Ark. 50; *Armstrong* v. *Union Trust Co.,* 113 Ark. 509; *Brown & Hackney* v. *Daubs,* 139 Ark. 53.

The decree is affirmed.