MARTIN, APPELLANT, v. PILACZYNSKI, APPELLEE.

(Decided February 27, 1939.)

*Messrs. Kaplan & Zanville,* for appellant.
*Mr. Cecil Stickney* and *Mr. Ira Bame,* for appellee.

CARPENTER, J.   A decree for plaintiff having been entered herein, defendant has filed an application for a rehearing.

This cause came here on appeal on questions of law and fact.   It is a suit by a landlord to enjoin a departing tenant from removing from the leased premises, a vacant lot on Monroe street in Toledo, a building he had erected thereon during the term of his tenancy.

The plaintiff claims that the building was attached to and became a part of the realty; the defendant, that it was erected by him as a trade fixture and he has the right to take it away.

The question thus raised, as in all fixture problems, must be determined from the intent of the parties as shown by the evidence.   The written lease which the

parties made October 25, 1933, is the first resort to ascertain that intention. From it, it appears that the term was to be for three years beginning December 1, 1933; the rental was to be $25 per month to May 31, 1934, and then $30 per month; and the premises were to be used for the "sale and purchase of used autos and auto accessories, and for the repair, polishing and cleaning of said used automobiles." The lease contained the further provision:

"It is further understood and agreed that the within lessee is hereby granted the privilege of constructing a building upon the within premises."

After the expiration of the lease, November 30, 1936, the defendant continued in possession of the premises as a month to month tenant until May 1, 1938, when he was ordered to vacate by the plaintiff.

From the lease itself, no information can be gained as to what the intentions of the parties were at the time of making the lease with reference to the removal of the building which the lessee was expressly permitted to erect, nor is there anything in the terms of the lease that raises any presumption for or against either party on that subject. For reasons sufficient to the parties, they did not choose to cover that subject in their contract, hence parol evidence must be used to determine the issue presented herein, and in so doing no violence is done to any part of the written contract.

From the testimony it appears that the lessee graded and cindered the lot, which was 135 feet deep, and erected on one side and near the rear, a one-story building 20 feet by 45 feet, built in the nature of a lean-to, using one side of what appears to have been a building on an adjoining lot for one side of this building. The walls were of brick laid in concrete eight inches thick on a concrete foundation two feet in the ground and a concrete floor four inches thick. The

building was used by the defendant as an office and general repair shop in connection with his used car sales business.

The lease was negotiated by an agent for the plaintiff who testified that the matter of the erection of the building was discussed by him and the defendant in these negotiations and that it was expressly agreed that in consideration of the lower monthly rental provided for, the defendant would erect the building and it would be left upon the premises at the expiration of his term. The defendant denied that such conversation or agreement took place.

Taking into account the nature of the building, the manner in which it was attached to the premises and to the adjoining building, the characteristics of permanency it had and the material of which it was constructed, the admitted fact that to remove it the brick walls and concrete foundation and floor would have to be broken up and the resulting debris would be of very little value to any one, it seems to a majority of the court that the parties never did intend that to be done. These things all lend credence to the testimony of plaintiff's agent that the parties did in fact agree that the building should be left as a permanent fixture upon the premises.

This reasoning prompted the decision to grant the injunction to prevent removal, and the arguments offered in the application for a rehearing do not overcome this conviction and that application is denied.

*Application denied.*

LLOYD, J., concurs.

OVERMYER, J., dissenting. In my opinion, the plaintiff has not sustained the burden resting upon her to show her right to retain the building referred to as part of her premises. She, through her agent, pre-

pared the written lease, and gave the tenant "the privilege" to erect this rather temporary structure or "lean-to," without a word in the lease restricting his right to remove it at the end of the tenancy or concerning the title to it. This must be construed against her. The building has many of the elements of a trade fixture which, in the absence of a definite agreement to the contrary, is removable. It is not denied that the tenant spent $2,000 in preparing and grading the lot and erecting the building, and plaintiff's agent frankly says they ordered defendant out because they had a tenant who would pay higher rent. Defendant testifies he can and intended to use the material resulting from wrecking the building in the construction of a lot and building and drive at his new location. In my opinion the law and the equities of the case are with the defendant.

"* * * Generally it is considered that where the landowner consents to the placing of a building on his land by another without an express agreement as to whether it shall become a part of the realty or remain personalty, an agreement will be implied that it is to continue personal property. In such a case it is immaterial what is the purpose, size, material, or mode of construction of the building * * *." 11 Ruling Case Law, 1083, Section 26. See also *Merchants' National Bank* v. *Stanton*, 55 Minn., 211, 56 N. W., 821, 43 Am. St. Rep., 491; *King, Trustee,* v. *Morris,* 74 N. J. Law, 810, 68 A., 162, 14 L. R. A. (N.S.), 439.