**In the Matter of the**
**ESTATE OF CHRISTENITA WRIGHT, ALSO KNOWN AS**
**ANITA WRIGHT, Deceased**

Probate No. 23–1960

District Court of the Virgin Islands

Div. of St. Thomas and St. John

District Court Commissioner

March 28, 1961

*See, also, 192 F. Supp. 812*

BIRCH and MADURO, Charlotte Amalie, St. Thomas, Virgin Islands (JOHN L. MADURO, ESQ.), *for petitioner Oricio (Orecio) A. Wright*

HARRY DREIS, ESQ., Charlotte Amalie, St. Thomas, Virgin Islands, *for respondent Oven P. Wright*

GEORGE A. MENA, *District Court Commissioner*

In this estate Oricio A. Wright, hereinafter referred to as the Petitioner, claims an interest in a three-room *superficiary* house listed in the inventory as belonging to the deceased Christenita Wright, known also as Anita Wright, hereinafter referred to as Christenita Wright. The house is appraised at twelve hundred dollars ($1,200) and is located on land owned by Christenita Wright. Petitioner claims that the house was built by and belonged to his deceased grandfather Gerald Wright, Sr. and that he is an heir of said Gerald Wright, Sr., who died in 1906. He seeks determination by the Court of his interest in the superficiary house.

Oven P. Wright denies that Oricio is an heir of Gerald Wright, Sr., and entitled to any interest in the superficiary house. He claims that he is the sole surviving heir of the said Christenita Wright, his mother; that Christenita Wright exercised undisputed and notorious possession of and dominion over the house from the death of Gerald Wright, Sr., up to Christenita's death in 1958; that she collected the rents therefrom for over fifty years and ac-

quired title to the house by adverse possession and by the Statute of Limitations running against the petitioner and that petitioner is now estopped from denying her ownership. He further contends that the petitioner has been guilty of laches; that Clifford Wright, father of the petitioner, hereinafter referred to as Clifford, died in 1910 and that the Danish Law in force at that time applies in this case; that an illegitimate son under Danish Law in 1910 could only inherit from his mother; that the petitioner being an illegitimate child of Clifford, he could not inherit from his father. In support of his contention he filed a certificate of the Inheritance Laws of Denmark relating to Children Born out of Wedlock, by the Royal Danish Consulate at New York.

In reply to this, counsel for Oricio Wright, hereinafter referred to as Oricio (Orecio), contends that the estates of Gerald Wright, Sr., Olivia Wright, his wife, and Clifford Wright have never been probated. That the Act of May 18, 1949, Bill No. 9, 14th Legislative Assembly, applies in this case and that under that Act an illegitimate child can inherit from his father even though his father died prior to the passage of the Act of May 18, 1949. In support of his contention he quotes from the introduction and argument on the Bill in the Legislative Assembly[1], by its proponent and cites the Opinion of the Third Circuit Court in the Estate of Inger Heyn, Deceased, 4 V.I. 97, 266 F.2d, 206, wherein the father of an illegitimate daughter died in 1947, prior to the passage of the Act of 1949.

[1]Section 1 of the Act of May 18, 1949, Bill No. 9, provided as follows: "An illegitimate child shall upon the approval of this measure and thereafter be considered to have the same status, for the purpose of the descent of the property of his or her ancestors, as if he or she were born in lawful wedlock provided that in cases where the ancestor in question is a father, he admitted of record paternity of such child by signing the official birth certificate; or he was or is adjudged the father of such child by a court of competent jurisdiction; and provided further that such father shall have all the rights and privileges provided by law to fathers of legitimate children."

The matter came on for hearing before the Commissioner August 22, 1960. Testimony was taken and an Agreed Statement of Facts was subsequently filed as well as briefs were submitted on both sides. The Agreed Statement of Facts is set out as follows:

### "AGREED STATEMENT OF FACTS

"1. That a superficiary house located at Lot no. 255 (and registered as No. 153) Hospital Ground, St. Thomas, at the time of the death of Gerald Wright, Sr., who died in 1906, was constructed by and belonged to said Gerald Wright, Sr.

"2. That Gerald Wright, Sr. was married to Olivia Wright, now deceased, and they had three children, namely, Clifford who died in 1910, Christenita (known as Anita) who died on December 17, 1958, and Sylvester, deceased.

"3. That Christenita, known as Anita, had two children, namely, Oven P. Wright, alive, represented by Attorney Harry Dreis, and Lucien Wright, deceased.

"4. That Clifford Wright had three illegitimate children, namely, Oricio A. Wright, petitioner-claimant, represented by Birch and Maduro, Gerald Wright, alive; and Herbert Wright, deceased.

"5. That the estates of Gerald Wright and Clifford Wright have never been probated.

"6. That Oricio A. Wright is an illegitimate child.

"7. That Oven P. Wright was illegitimate and was born about 1910.

"8. That in the year 1912, Anita Wright left the Virgin Islands and appointed one Mr. Ferdinand as her agent to collect rental from the aforesaid superficiary house. That decedent Anita Wright was in possession, through her agents, and received all the rents thereon until her death in 1958.

"9. That upon the death of Mr. Ferdinand, her agent, Anita Wright appointed Amadeo Francis to make the aforesaid collections from the aforesaid property for her, and later, one Miss Edith Williams was appointed for the same purpose. During this entire period, Anita Wright did

not make any contributions whatsoever to the children of Clifford Wright.

"10. That around the year 1922, Oricio A. Wright demanded some money from Mr. Ferdinand, decedent's agent, and was refused same.

"11. That Oricio A. Wright never lived in the said superficiary house. That he never brought the matter in Court but requested money from the collector Ferdinand.

"12. That Oricio A. Wright has lived in St. Thomas, V.I. all his life.

"13. That on August 23, 1946, the decedent Anita Wright purchased the land on which the said superficiary house is located.

"14. That Oricio A. Wright paid a few tax bills on the property."

The questions for decision of the Commissioner are:

(1) What rights, if any, does the petitioner Oricio Wright have in the superficiary house?

(2) What rights, if any, does the heir or heirs of Christenita Wright have in the same house?

Addressing myself to *question one*, in the first place, Clifford, being a lawful child, would be in line of inheritance from Gerald, his father. As he died only four years after Gerald, it follows that if Oricio has any rights as an illegitimate child of Clifford he would be an heir of Clifford. The question for determination then is: Can an illegitimate child inherit from his father and under what conditions?

Counsel for petitioner contends that the Act of May 18, 1949, Bill No. 9, applies, and cites the Opinion in the Heyn Estate, 4 V.I. 97, 266 F.2d 206, to support his contention. However, he failed to quote the entire Section 1 of the Act of 1949, and left out the proviso, as follows: "Provided that in cases where the ancestor in question is a father, he admitted of record paternity of such child by signing the official birth certificate; or he was or is adjudged the father of such child by a court of competent jurisdiction; and

provided further that such father shall have all the rights and privileges provided by law to fathers of legitimate children."

There is nothing in the record to show that Clifford admitted of record the paternity of Oricio or that he signed the official birth certificate, or that he was or is adjudged the father of Oricio. In the Heyn case, after hearing evidence, the Court found that Cornelius Pentheny was the father of the petitioner, Elvira Henderson, a female. There is no such finding in this estate, and there is no competent and satisfactory evidence on which such finding can be based.

In treating of the construction of provisos in a statute, 50 Am. Jur. Sec. 438 states: "The natural and appropriate office of a proviso is to modify the operation of that part of the statute immediately preceding the proviso, or to restrain or qualify the generality of the language that it follows: Indeed, the presumption is that a proviso in a statute refers only to the provision to which it is attached, and, as a general rule, a proviso is deemed to apply only to the immediately preceding clause or provision."

The latest legislation on this subject, and which the Commissioner is of the opinion governs in this estate, is Title 15, Chapter 3, Section 84 (13) of the Virgin Islands Code, effective September 1, 1957, to wit: "An illegitimate child shall be considered to have the same status, for the purpose of the descent and distribution of the property of his or her ancestors, as if he or she were born in lawful wedlock, provided that in cases where the ancestor in question is a father, he admitted of record paternity of such child by signing the official birth certificate; or he was adjudged the father of such child by a court of competent jurisdiction; or by written acknowledgment he recognized such child as his." There is nothing in the record to show that the proviso has been complied with, which is proce-

dural, and does not curtail any vested right under the descent laws.

■ Without going into the question just now as to what property rights the deceased Christenita Wright acquired in the superficiary house, it is clear from the foregoing that the petitioner Oricio A. Wright is not an illegitimate child of Clifford Wright, within the meaning of the statute, and, therefore, is not an heir of Clifford Wright; therefore, he cannot be an heir of Gerald Wright, Sr.

In view of the foregoing determination, it is unnecessary to go into the question of the applicability of the Danish Inheritance Laws, suffice to say that there is no showing that the Inheritance Laws of Denmark cited were extended to these islands.

■ ■ As to the *second question*, it is clear from the evidence that Christenita (Anita) exercised uninterrupted, adverse, continuous and notorious possession of the superficiary house under claim of ownership for over fifteen years, to wit, fifty years, which entitles her to be adjudged the owner thereof by adverse possession (Title 28, V.I.C. Sec. 11). While such provisions apply specifically to real property, the rule is also applicable to chattel or personal property (2 C.J.S. 889, Sec. 243); also see 1 Am. Jur. Sec. 96, wherein it is stated that—"Possession has always been a means of acquiring title to property. * * * The English and American statutes of limitation have in many cases the same effect; and if there is any conflict in the decisions on the subject, the weight of authority is in favor of the proposition that where one has had the peaceable, undisturbed, open possession of personal property with an assertion of his ownership, for the period which, under the law, would bar an action for its recovery by the real owner, the former has acquired a good title, that is, a title superior to that of the latter, whose neglect to avail himself of his legal rights has lost him his title." Again in

297

Campbell v. Holt, 115 U.S. 620, 6 S. Ct. 209, 29 L. Ed. 483, the Court states: "By the long and undisturbed possession of tangible property, real or personal, one may acquire a title to it, or ownership, superior in law to that of another, who may be able to prove an antecedent and, at one time paramount title. This superior or antecedent title has been lost by the laches of the person holding it, in failing within a reasonable time to assert it effectively; as, by resuming the possession to which he was entitled, or asserting his right by suit in the proper court. What the primary owner has lost by his laches, the other party has gained by continued possession, without question of his right. * * * "

■ The petitioner Oricio has never questioned the possession or ownership of Christenita in the superficiary house, nor has he taken action to question or adjudicate her ownership therein; he is now estopped from doing so by the statute of limitations inasmuch as Christenita has been in undisputed and adverse possession of the superficiary house for a period of over fifty years (Title 5, V.I.C., Sec. 31 (1) (A)); furthermore Title 15 V.I.C., Sec. 395, provides that: "No claim shall be allowed by the * * * District Court which is barred by the statute of limitations."

The Commissioner finds that Christenita Wright acquired title to the superficiary house in question and that it is properly and legally a part of the inventory in her estate and that petitioner Oricio A. Wright has no right, title or interest therein. An order in accordance with this opinion will be entered upon presentation.