JULIA NICHOLSON

v.

**ALTONA CORPORATION,** Appellant

and

**V. I. REALTY CORPORATION**

No. 14,067

United States Court of Appeals

Third Circuit

Argued January 29, 1963

Decided June 20, 1963

*See, also, 320 F.2d 8*

472

JAMES A. RICHARDS, JR., ESQ., Charlotte Amalie, St. Thomas, Virgin Islands, *for appellant*

GEORGE H. T. DUDLEY, ESQ., Charlotte Amalie, St. Thomas, Virgin Islands, *for appellee*

Before MARIS, WOODBURY and HASTIE, *Circuit Judges*

MARIS, *Circuit Judge*

This case involves the rights of the parties with respect to a dwelling house, No. 157 Altona, built of concrete on a small lot comprising a portion of a tract of land known as Parcel No. 171, Estate Altona and Welgunst, 7 Southside Quarter, St. Thomas, now belonging to the defendant Altona Corporation. Prior to June 30, 1960, the plaintiff Julia Nicholson was a tenant of the lot on which the house stood at a monthly rental of $2.00. On that date she was ordered evicted by the Municipal Court. Following her eviction the house was demolished by the defendant. Prior

to its destruction the plaintiff brought the present action in the District Court asserting that the house was owned by her and seeking a decree that the defendant either sell her at an appraised value the lot of land upon which the house stood, or pay her the reasonable value of the house. The District Court entered judgment in favor of the plaintiff for $2,500.00, which was conceded to be the value of the demolished house, with attorneys fees and costs. This appeal by the defendant followed.

The plaintiff's claim of ownership of the house in controversy is based upon her assertion that it is a superficiary house as to which under the law of the Virgin Islands the title may be vested in one owner while the title to the land on which it is erected may be vested in a separate owner. It appears to be conceded that the house was erected and occupied by a former tenant of the land, Thovald Nielsen, and that the plaintiff purchased the house from his heirs on October 6, 1955 for $2,500.00, and thereafter until her eviction was herself a tenant of the land on which the house stood and regularly paid rent for the land to the defendant or its predecessors in title. The case thus requires us to determine and apply the law of the Virgin Islands with respect to superficiary[1] houses.

■ While the existence of superficiary houses has frequently been recognized and referred to in Virgin Islands legislation, the only statutory definition of a superficiary house which our research has disclosed is contained in section 1 of the Act of January 25, 1960, No. 521, Sess. L. 1960, p. 13 [21 V.I.C. § 3 note], entitled an Act "To Provide for Acquisition of Land by the Government of the Virgin Islands for Resettlement, through a Local Urban Renewal Program of Superficiary House Owners, to Provide an

---

[1] The term "superficiary" has been defined as "Situated or built on another man's land, as a house or other structure." Webster's New International Dictionary, 2d ed., p. 2531. It was probably derived from the superficies of the Roman law although there is no indication that the perpetual nature of that right was ever imported into the Virgin Islands law.

Appropriation Therefor, and for Other Purposes." That statutory definition is as follows: [p. 14]

"For the purpose of this Act, a 'superficiary house' shall be a property in which title to the land is vested in one owner and title to the building is vested in a separate owner."

The statute thus makes it clear that a "superficiary house" is one owned by a person other than the owner of the land on which it stands. But the statute does not help us on the question as to the circumstances in which and the extent to which such division of ownership is recognized by the Virgin Islands Law.

 At common law the general rule is that a building affixed to the land by a tenant becomes a part of the land and thus becomes the property of the owner of the land.[2] But the exception has long been recognized that a tenant with his landlord's consent, express or implied, may retain the ownership of a building which he has erected on the leased land for his own benefit. In such a situation the building is ordinarily regarded as personalty rather than a part of the realty.[3] This exception has ordinarily been limited to those buildings which are capable of being removed without substantial damage to the land.[4] And if such a building is not removed by the tenant at the expiration of his tenancy but is left standing on the land when the landlord re-enters it is to be regarded, in the absence of a contrary agreement, as the property of the landlord who, in

[2] Kutter v. Smith, 1864, 69 U.S. (2 Wall.) 491, 17 L.Ed. 830, 22 Am. Jur., Fixtures, § 63.

[3] Van Ness v. Pacard, 1829, 27 U.S. (2 Pet.) 137, 143–144, 7 L.Ed. 374, 377; White's Appeal, 1849, 10 Pa. 252; Wycoff v. Gavriloff Motors, Inc., 1961, 362 Mich. 582, 107 N.W.2d 820, 823–825; 22 Am. Jur., Fixtures, §§ 64, 65. See also King v. Morris, 1907, 74 N.J.L. 810, 68 A. 162.
In the Virgin Islands a superficiary house is treated as a chattel. See In re Wright's Estate, D.C.V.I., 1961, 4 V.I. 291, 192 F. Supp. 812.

[4] Frost v. Schinkel, 1931, 121 Neb. 784, 238 N.W. 659, 666, 77 A.L.R. 1381, 1390–1391; 22 Am. Jur., Fixtures, § 11. See also Martin v. Pilaczynski, 1939, 63 Ohio App. 101, 25 N.E.2d 362; Ingold v. Phoenix Assur. Co., 1949, 230 N.C. 142, 52 S.E.2d 366, 368–369; Gilbert v. Easterling, 1950, 217 S.C. 267, 60 S.E.2d 595.

that case, has no obligation to pay the former tenant its value.[5]

We believe that the law of the Virgin Islands with respect to superficiary houses is somewhat similar to the common law rules which we have just summarized. It has developed in the islands of the West Indies where the practice of moving small wooden dwelling houses from place to place has long been followed. Thus in the neighboring British Virgin Islands the practice is recognized in the following statutory definition of land:

"Land includes all the fixtures and buildings thereon, and everything growing on the soil (unless otherwise specified), with the exception of any wooden houses belonging to others on the land, which are accustomed to be moved from place to place, and any wooden houses the property of lessees, and, in towns or villages, with the exception of such movable wooden houses as are the property of the residents therein, and not of the owner of the soil."[6]

We are satisfied that the rule of law with respect to superficiary houses in the Virgin Islands of the United States is substantially the same as the law in force in the adjacent British Virgin Islands as indicated in the foregoing federal statute of the Leeward Islands. Under the law the element of removability of the dwelling house in question is a basic factor.[7] It is doubtless for this reason that the Leeward Islands statute refers to wooden houses, which in the West Indies are generally movable without injury to the houses or to the land on which they stand.

[5] Kutter v. Smith, 1864, 69 U.S. (2 Wall.) 491, 17 L.Ed. 830; American Law of Property, Vol. 1, § 3.81.
[6] Definition of "Land" contained in the first schedule to the Title by Registration Act of February 1, 1887, II Federal Acts of the Leeward Islands, revised ed. 1927, ch. 99, p. 940. Prior to 1956 the British Virgin Islands comprised a Presidency of the British Colony known as the Leeward Islands Federation.
[7] The removability of superficiary houses is indicated or clearly implied in Virgin Islands statutes and regulations promulgated thereunder. See, e.g., Ord. Mun. C. St. T. and St. J. App. November 18, 1953 (Bill No. 311); Act of January 25, 1960, No. 521, §§ 2, 4, Sess. L. 1960, pp. 14–15; Title 21, V. I. Rules and Reg., § 3–11 (issued pursuant to Act of May 16, 1961, No. 673, Sess. L. 1961, p. 27).

We conclude that the law of the Virgin Islands with respect to superficiary houses may be stated as follows: When a person, e.g., a tenant, who is lawfully entitled or permitted by the owner to occupy a piece of land erects thereon or removes thereto a dwelling house the house (unless otherwise agreed) remains his personal property, even though annexed to the land, and does not become a part of the land or the property of the landowner. Correlatively, when the owner of a superficiary house vacates the land, either at his own option or because his tenancy or permission to occupy it has been terminated, it becomes his duty to remove the house from the land. If for any reason he fails to do so within a reasonable time he thereby relinquishes his ownership of the house to the owner of the land upon which it has been left. The latter thereafter may deal with the house in any way he sees fit without incurring any obligation to account to its former owner for its value, use or destruction.

■ Turning to the case before us it appears that the building which the plaintiff claimed as a superficiary house was not removed by her from the defendant's land when her tenancy of the land ended and she was ordered evicted by the Municipal Court. Whether this was because the building was not removable as a practical matter, because its removal would involve unjustified expense or for some other reason, we need not consider. For by her failure to remove the building when her tenancy of the land ended she relinquished to the defendant any property rights which she may previously have had in it. It necessarily follows that she had no right to require the defendant to purchase the house from her or to pay her its value upon its destruction. The District Court, therefore, erred in awarding her the value of the house as damages.

■ The plaintiff has raised a question of jurisdiction which will be discussed briefly. It appears that pursuant to

stipulation between the parties the defendant deposited in escrow a certified check for $2,500.00 "to be applied toward the satisfaction of any Judgment that may be rendered by the Court in favor of plaintiff after hearing of the within claims on the merits." It was further agreed "that upon determination of the cause in favor of defendant, Altona Corporation, said check shall be returned by the Escrow Agent to defendant without offset, except as may be directed by the Court." The plaintiff asserts that since her counsel had this sum of $2,500.00 in their hands when the District Court entered judgment in her favor in that amount, the judgment must be regarded as having been satisfied by voluntary payment. Accordingly, she argues, the appeal is moot and must be dismissed.

There is no merit in this contention since it ignores the fact that the parties stipulated that the fund was to be held in escrow to await the determination of the suit and was to be returned to the defendant if that determination was in its favor. In the absence of an express agreement waiving the right of appeal, and there was none here, it must be assumed that the parties intended by their stipulation that the deposited fund should be held in escrow until the final determination of the case on appeal if, as happened, an appeal was taken.

The judgment of the District Court will be reversed and the cause will be remanded with directions to enter judgment in favor of the defendant.