MICHAEL B. RESEVIC, d/b/a Pan American Distributors,
Petitioner

v.

ALLEN HENDERSON, Respondent

Civil No. 158-1967

District Court of the Virgin Islands
Div. of St. Croix
Christiansted Jurisdiction

May 5, 1969

*See, also, 6 V.I. 196*

YOUNG, ISHERWOOD, GIBBS & CARNEY, ESQS. (ROBERT CARNEY, ESQ., of counsel), Christiansted, St. Croix, Virgin Islands, *for petitioner*

JOHN D. MARSH, ESQ., Christiansted, St. Croix, Virgin Islands, *for respondent*

MARIS, *Circuit Judge*

## OPINION INCLUDING FINDINGS OF FACT AND CONCLUSIONS OF LAW

MARIS, *Circuit Judge*

In this action the plaintiff filed a complaint, entitled a petition, seeking a declaration that he is the owner of a building erected by him upon land owned by the defendant and that he may remove the building therefrom. Injunctive relief is also sought. The defendant filed an answer denying that the plaintiff owns or is entitled to remove the building in question and by way of affirmative defense asserting that the Municipal Court, in a judgment entered

July 28, 1966 and affirmed by this court January 11, 1967 in an action of forcible detainer brought by the defendant against the plaintiff, has adjudicated in the defendant's favor the issues raised in this action [6 V.I. 196].

■ I find that in 1962 the plaintiff and defendant negotiated for a 25 years lease by the latter to the former of the land involved, Plot 34 of Estate La Grande Princesse, St. Croix, on which the plaintiff desired to construct a building for use in his plumbing supply business. However, although a written lease was prepared by defendant's counsel it was never executed. The plaintiff nonetheless took possession of the land, paying the defendant the monthly rental agreed upon between them. In the absence of a written lease he became a tenant from month to month. Island Construction Corporation v. Danielson, 1963, 4 V.I. 426, 316 F.2d 161.

While thus in possession as tenant he erected the building in controversy and thereafter conducted his business therein. In August 1965 the defendant instituted against the plaintiff in the Municipal Court the action of forcible detainer to which I have referred and secured from that court a judgment for restitution of possession. Possession was given up by the plaintiff at the end of July 1967. Prior to vacating the premises, the plaintiff brought this action.

■ The plaintiff here asserts that he proceeded with the construction of the building relying upon his belief that the 25 years lease would be executed, and that the defendant acquiesced in the construction of the building by him. The plaintiff asserts that his action was predicated upon a mistake of law, his belief that he actually had a 25 years lease, but I am not able to find that there was such a mistake on his part. He further asserts that the defendant is estopped in equity from denying the existence of the lease by reason of his having stood by while

the plaintiff constructed the building contemplated by the parties. This equitable doctrine of estoppel by reason of part performance, which it was within the competence of the Municipal Court to consider in the forcible detainer action, was considered by that Court which decided that it did not defeat the present defendant's claim to repossession. That finding is binding upon the plaintiff in this action.

The plaintiff contends that the building in controversy is nonetheless his personal property as a trade fixture which he was entitled to remove from the defendant's land at the termination of his tenancy. With this contention I agree. Although the structure which the plaintiff erected is a permanent building constructed at a cost in excess of $30,000, it is a purely commercial building which the plaintiff built solely for use in the conduct of his business. Taxes were assessed on it separately from the land and the plaintiff paid these taxes and carried insurance on the building.

■■ As early as 1829 the Supreme Court of the United States took a liberal view as to the right of a tenant to remove trade fixtures, stating in Van Ness v. Pacard, 27 U.S. (2 Pet.) 137, 143, 146, 7 L.Ed. 374, 377, 378:

". . .The general rule of the common law certainly is, that whatever is once annexed to the freehold, becomes part of it, and cannot afterwards be removed, except by him who is entitled to the inheritance. The rule, however, never was, at least, so far back as we can trace it in the books, inflexible, and without exceptions. It was construed most strictly between executor and heir, in favor of the latter; more liberally, between tenant for life or in tail and remainder-man or reversioner, in favor of the former; and with much greater latitude, between landlord and tenant, in favor of the tenant. But an exception of a much broader cast, and whose origin may be traced almost as high as the rule. itself, is of fixtures erected for the purposes of trade. Upon principles of public policy, and to encourage trade and manufactures, fixtures which were erected to carry on such business

were allowed to be removed by the tenant, during his term, and were deemed personalty, for many other purposes. . . .

* * *

"It has been suggested at the bar, that this exception in favor of trade, has never been applied to cases like that before the court, where a large house has been built, and used in part as a family residence. But the question, whether removable or not, does not depend upon the form or size of the building, whether it has a brick foundation or not, or is one or two stories high, or has a brick or other chimney. The sole question is, whether it is designed for purposes of trade or not? A tenant may erect a large as well as a small messuage, or a soap-boilery of one or two stories high, and on whatever foundations he may choose. . . . The only point is, whether it is accessory to carrying on the trade or not. If *bona fide* intended for this purpose, it falls within the exception in favor of trade. . . ."

In 1892 the Court reaffirmed this principle, stating in Wiggins Ferry Co. v. O. & M. Railway, 142 U.S. 396, 416, 35 L.Ed. 1055, 1063:

". . . In Van Ness v. Pacard, 2 Pet. 137, it was held that a house built by a tenant upon land, primarily for the purpose of a dairy, and incidentally for a dwelling house for the family, did not pass with the land. The earlier authorities are reviewed in that case by Mr. Justice Story, and the conclusion reached, that whatever is affixed to the land by the lessee for the purpose of trade, whether it be made of brick or wood, is removable at the end of the term. Indeed, it is difficult to conceive that any fixture, however solid, permanent and closely attached to the realty, placed there for the mere purposes of trade, may not be removed at the end of the term. In the case of Wagner v. Cleveland & Toledo Railroad, 22 Ohio St. 563, it was held that stone piers built by a railroad company as part of its road on lands over which it had acquired a right of way, did not, though firmly imbedded in the earth, become the property of the owner of the land, as part of the realty; and that, upon the abandonment of the road, the company might remove such structures as personal property. . . ."

 The rule of the common law thus stated by the Supreme Court is in force in the Virgin Islands.[1] I con-

---

[1] 1 V.I.C. § 4.

331

clude, therefore, that in the Virgin Islands, in the absence of an agreement between the parties to the contrary, a building erected by a tenant for the purposes of his trade or business is to be regarded as a trade fixture which is the tenant's personal property and is removable by the tenant during or at the expiration of his tenancy.[2] A similar principle is applicable in the Virgin Islands to a superficiary dwelling house erected by a tenant upon land leased from another. Nicholson v. Altona Corporation, 3 Cir. 1963, 4 V.I. 472, 320 F.2d 8. If the tenant has not removed the structure during his tenancy he may remove it upon the termination of his tenancy or within a reasonable time thereafter. As the Court of Appeals stated in Grote v. Brown, 10 Cir. 1948, 170 F.2d 747, 749, 6 ALR 2d 318, 321:

" . . . If, however, the lease is terminated . . . under circumstances beyond the control of the lessee, he has a reasonable time in which to remove the fixtures after the termination of the lease. The reasonable time is determined in each case by the peculiar facts and circumstances, and is largely within the discretion of the trial court. . . ."

See, also, Annotation 6 ALR2d 322. And if the tenant fails to remove it within a reasonable time he thereby relinquishes his ownership of the structure to the owner of the land upon which it has been left and the latter may thereafter deal with it in any way he sees fit without incurring any obligation to account to its former owner for its value, use or destruction. Nicholson v. Altona Corporation, 3 Cir. 1963, 4 V.I. 472, 320 F.2d 8. Moreover in

---

[2] See also Snow v. Smith, 1912, 86 Vt. 58, 83 A. 269; Waldauer v. Parks, 1926, 141 Miss. 617, 106 So. 881; Shields v. Hansen, 1930, 201 Wis. 349, 230 N.W. 51; McClintic-Marshall Company v. Ford Motor Company, 1931, 254 Mich. 305, 236 N.W. 792, 77 A.L.R. 807, 815; Cameron v. Oakland County Gas & Oil Co., 1936, 277 Mich. 442, 269 N.W. 22", 107 A.L.R. 1142, 1147; Chatham Gold Dredging Co. v. Burns, 9 Cir. 1936, 84 F.2d 717, 720; Anderson-Tully Co. v. United States, 1951, 189 F.2d 192, 196; Annotation 107 A.L.R. 1153; American Law of Property, Vol. V, § 19.11; 5 Powell, Real Property, §§ 651, 656; 35 Am. Jur. 2d, Fixtures, §§ 86, 89, 90.

effecting the removal of such a trade fixture the land upon which it was erected must be restored to its former contour and state so as to be left substantially uninjured by the severance. 35 Am. Jur. 2d, Fixtures, § 89.

 Turning to the facts of the present case it appears that there was no agreement between the parties that the building in question should become the property of the landlord upon the termination of the tenancy. While there was a stipulation to that effect in the draft 25 years lease the latter, as we have seen, was never signed and accordingly the proposed stipulation never became binding on the plaintiff. He was, therefore, entitled to remove his building when the defendant terminated his tenancy and since he promptly instituted this suit to obtain the enforcement of that right he is now entitled to a judgment declaring his right to remove the building within a reasonable time, say four months after judgment, and restraining the defendant from interfering with the exercise of that right. The removal will be so carried out as to leave the defendant's land in substantially the same state in which it was before the building was erected.

Judgment will be entered accordingly.