**ANGELA MARTIN, Plaintiff**
**v.**
**STANLEY GEORGE, Defendant**

Civil No. 12/1999

Territorial Court for the Virgin Islands

Division of St. Thomas and St. John

October 29, 2001

ANGELA MARTIN, St. Thomas, Virgin Islands, *Pro Se Plaintiff*

DAVID W. LEAHR, ESQ., Legal Services of the Virgin Islands, Inc., St. Thomas, Virgin Islands, *Attorney for Defendant*

MEYERS, *Judge*

## MEMORANDUM OPINION

(October 29, 2001)

THIS MATTER is before the Court on Defendant's Motion to Stay Action pending the outcome of *Stanley George v. Angela Martin, et al.*, Civil No. 432/99, allegedly involving identical issues.[1] The Court having dismissed Civil No. 432/99 on even date, Defendant's motion is now moot. The only remaining issue to be resolved by this Court, therefore, is whether Defendant is entitled to compensation for the structure he built upon the parcel of land owned by Plaintiff. For the reasons which follow, the Court finds that the Defendant is not entitled to compensation upon vacating the premises.

## PROCEDURAL HISTORY

Plaintiff, the owner of the premises known as Parcel No. 83-7, Estate Smith Bay, East End Quarter, St. Thomas, U.S. Virgin Islands, leased said parcel to the Defendant upon which Defendant constructed his residence. On March 14, 1997, and again on December 27, 1997, Plaintiff sent notice to Defendant to quit the leased premises. Defendant refused to vacate the premises. Pursuant to 28 V.I. CODE ANN. § 840, Plaintiff then petitioned the Virgin Islands Department of Housing, Parks & Recreation for a Certificate of Eviction, which was granted on August 18, 1998. Plaintiff was authorized to commence eviction proceedings sixty days from that date.

A follow-up notice of eviction sent on November 17, 1998, requiring Defendant to vacate the premises within thirty days, went unanswered. Accordingly, Plaintiff initiated the present action for Forcible Entry and Detainer on January 8, 1999. A hearing was held on January 19, 1999, before the Honorable Judge Brenda J. Hollar. Then, on February 3, 1999, the Court entered a judgment along with findings of fact and conclusions of law.

---

[1] These allegations were the subject of a number of counterclaims made by the Defendant (along with other tenants upon Plaintiff's properties) in a suit captioned *Angela Martin, et al. v. Herman Huggins, et al.*, Civil No. 295/89, which were subsequently dismissed due to Defendant's failure to prosecute.

In its Judgment, the Court ordered: 1) Restitution to Plaintiff for the leased premises; 2) A six-month stay to Defendant pursuant to 28 V.I. CODE ANN. § 841(a), provided he deposit into the Territorial Court registry all rent currently due, by March 1, 1999; 3) An increase in the rent on the leased premises during the period of the stay to $200.00 per month, effective February 1, 1999; 4) A lifting of the stay upon Defendant's failure to pay any monthly payment; and 5) Release of the deposited money to Plaintiff if the Defendant's residence was removed upon Defendant vacating the property, and return of the deposited money to Defendant if the structure remained.

Less than three weeks prior to the termination of the stay, on July 15, 1999, Defendant filed suit against Plaintiff and her sons. (*See Stanley George v. Angela Martin, et al.*, Civil No. 432/99). In that suit, Defendant alleges promissory estoppel and specific performance on an alleged oral contract to sell him the leased parcel of land. In the alternative, Defendant seeks compensation for the dwelling he constructed upon the leased parcel upon his vacating the premises.

On July 16, 1999, Defendant filed the present Motion to Stay Action, seeking a stay of the Court's order of February 3, 1999, until resolution of Civil No. 432/99. As discussed above, however, Civil No. 432/99 was dismissed on October 29, 2001.[2]

## LEGAL ANALYSIS

Apart from the issue of *res judicata* discussed in the Court's Memorandum Opinion in *Stanley George, supra*, as well as a probable statute of limitations argument, general principles of the law of property and Virgin Islands common law preclude compensation to the Defendant for the structure he built upon Plaintiff's premises. As such, the Court must amend its prior Order dated February 3, 1999, insofar as it requires the rental monies deposited with the Territorial Court registry to be returned to the Defendant if he is unable to remove the structure built upon the premises.

---

[2] The procedural history and legal argument supporting the Court's *sua sponte* dismissal of Civil No. 432/99 on the grounds of *res judicata* are fully laid out in this Court's Memorandum Opinion, dated October 29, 2001, in *Stanley George v. Angela Martin, et al.*, Civil No. 432/99.

■ There is an ancient maxim in real property law *"quicquid plantatur solo, solo cedit,"* which means, in essence, that whatever is affixed to the soil is thereby made a part of the soil and partakes of all its incidents and properties. The general rule, therefore, is that upon annexation to the premises, a permanent improvement affixed by the tenant becomes a part of the land and, thus, becomes the property of the owner of the land.[3] *Kutter v. Smith,* 69 U.S. 491, 17 L. Ed. 830 (1864) (All buildings become part of the freehold as soon as they are placed upon the soil). Accordingly, under the general principles of real property, the Defendant's residence, built upon Plaintiff's land, has become the property of the Plaintiff.

■ However, the law is extremely indulgent to a tenant with respect to fixtures, and recognizes the exception that a tenant with the owner's consent may retain ownership over a fixture.[4] This jurisdiction has long acknowledged such an exception, especially when, as in the present case, the fixture involved is a 'superficiary house'.

■ A 'superficiary house' is one owned by a person other than the owner of the land upon which it stands. In other words, the title to the land is vested in one owner and the title to the building is vested in a separate owner.[5] Traditionally, superficiary houses were small, movable, wooden dwellings, and as such, were treated as chattel and not fixtures.[6] The ability to be moved was a basic factor in the determination of whether or not a house was indeed a superficiary house.[7] Therefore, the

---

[3] *See also* AMERICAN LAW OF PROPERTY, Vol. 1, § 3.81; *and see* 22 AM. JUR. *Fixtures* § 63; 35A AM. JUR. 2D *Fixtures* § 64.

[4] "Except to the extent the parties to a lease validly agree otherwise, the tenant is entitled to remove permissible annexations he has made to the leased property ... if the leased property can be and is restored to its former condition after the removal." RESTATEMENT (SECOND) OF PROPERTY, *Landlord & Tenant* § 12.2(4) (1977).

[5] *See* statutory definition in Act of January 25, 1960, No. 521, 1960 V.I. Sess. Laws §§ 1, 13, entitled an Act "To Provide for Acquisition of Land by the Government of the Virgin Islands for Resettlement, through a Local Urban Renewal Program of Superficiary House Owners, to Provide an Appropriation Therefor, and for Other Purposes."

[6] *See Nicholson, infra* p. 5; *In re Wright's Estate,* 192 F. Supp. 812, 4 V.I. 291 (D.V.I. 1961).

[7] "The removability of superficiary houses is indicated or clearly implied in Virgin Islands statutes and regulations promulgated thereunder." *Nicholson infra* (citations omitted).

owner of the superficiary house retained ownership of the dwelling, and could remove it upon vacating the premises of the landowner.

However, expanding upon the traditional exception for movable structures, the United States Court of Appeals for the Third Circuit has held that a superficiary house, namely any house owned by someone other than the landowner, may still be considered chattel, despite its being permanently affixed to the land. *See Nicholson v. Altona Corp.*, 4 V.I. 472, 320 F.2d 8 (3d Cir. 1963). In *Nicholson*, the homeowner had been evicted from the land upon which her house was situated. Nicholson brought suit to force the landowner, Altona Corp., to sell the land to her at its appraised value. In the alternative, Nicholson wanted Altona Corp. to pay her the reasonable value of the house upon her vacating the premises. The trial court entered judgment in favor of Nicholson in the amount of $2,500 for the value of the house.

In overturning the trial court's decision, the Third Circuit noted that the fixture exception for superficiary houses had ordinarily been limited to those buildings, which were capable of being removed without substantial damage to the land. *Id.* at 476. However, in its decision, the Court broadened the exception, specifically concluding:

> When a person, e.g., a tenant, who is lawfully entitled or permitted by the owner to occupy a piece of land erects thereon or removes thereto a dwelling house the house (unless otherwise agreed) remains his personal property, even though annexed to the land, and does not become a part of the land or the property of the landowner. Correlatively, when the owner of a superficiary house vacates the land, either at his own option or because his tenancy or permission to occupy it has been terminated, it becomes his duty to remove the house from the land. If for any reason he fails to do so within a reasonable time he thereby relinquishes his ownership of the house to the owner of the land upon which it has been left. The latter thereafter may deal with the house in any way he sees fit without incurring any obligation to account to its former owner for its value, use or destruction.

*Id.* at 478.

In the case at bar, the Defendant constructed a superficiary house. There is no dispute that the Plaintiff is the owner of the land known as Parcel No. 83-7, Estate Smith Bay, East End Quarter, St. Thomas, U.S.

Virgin Islands.[8] Furthermore, there appears to be no dispute that the Defendant built his residence upon said parcel with the consent of the Plaintiff. Subsequently, the Plaintiff brought eviction proceedings against the Defendant and pursuant to this Court's Order dated February 3, 1999, Defendant should have vacated the premises by August 3, 1999. The Defendant now seeks compensation for the residence if he is forced to vacate the premises. As such, the facts are closely analogous to those in *Nicholson*.

As stated in *Nicholson*, the owner of a superficiary house, upon vacating the premises, had a duty to remove her house from the land within a reasonable time. Failure to remove the house, or to remove it within a reasonable time, resulted in the owner's forfeiture of her rights in the house. This Court ordered the Defendant to vacate the land, and then stayed the order for six months in order to allow him time to move the residence if he so chose. Arguably, in taking almost two years to vacate the premises, the Defendant has already "failed to remove the house within a reasonable time".

It is clear from the general law of fixtures that the Plaintiff is not obligated to compensate the Defendant for a structure affixed to the land, as it becomes Plaintiff's property. Additionally, it is clear from *Nicholson* that the Plaintiff is similarly not obligated to compensate the Defendant if he fails to remove his superficiary house upon vacating the premises. Consequently, in neither situation would the Plaintiff be deemed to owe the Defendant any compensation, and thus no action for unjust enrichment will lie upon Defendant vacating the premises. The Defendant's only option is to remove the residence prior to his vacating the premises.

Accordingly, there is no basis upon which this Defendant is entitled to compensation from the Plaintiff. The Defendant must vacate the premises immediately, and if he is able to remove his residence, he is entitled to do so provided the land is restored to its former condition after the removal. He is not, however, entitled to a return of rent deposits upon his inability or failure to do so.

---

[8] Plaintiff actually owns a life estate with the remainder in her children, George Francis, Lawrence Francis, and Edward Francis; however, this is irrelevant to the issue presented.

## CONCLUSION

Based upon the foregoing, the Defendant's Motion to Stay Action must be dismissed as moot due to the dismissal of *Stanley George v. Angela Martin, et al.,* Civil No. 432/99. Additionally, the Defendant must vacate the premises within two months from the date of the accompanying Order as the Plaintiff is entitled to restitution. Furthermore, neither under the law of fixtures nor *Nicholson v. Altona Corp., supra,* is the Defendant entitled to compensation for his residence upon vacating the premises.