PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

Nos. 19-1150 & 19-1151

———————————


In re:  ODYSSEY CONTRACTING CORP.,

Appellant

L&L PAINTING CO., INC.

v.


ODYSSEY CONTRACTING CORP.;
FEDERAL INSURANCE COMPANY


———————————


Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action Nos. 2-18-cv-00456 and 2-18-cv-00458)
District Judge: Honorable Cathy Bissoon

———————————


Argued September 25, 2019

Before: SMITH, Chief Judge,
McKEE, AMBRO, Circuit Judges

(Opinion filed: December 12, 2019)

Chris Georgoulis (Argued)
Georgoulis
120 Wall Street, Suite 1803
New York, NY 10005

Robert O. Lampl
Rober O Lampl & Associates
223 Fourth Avenue, 4th Floor
Pittsburgh, PA 15222

      Counsel for Appellant

Jose Aquino
Charles Fastenberg (Argued)
Jeffrey W. Spear
Duane Morris
1540 Broadway
New York, NY 10036

Joel M. Walker
Duane Morris
600 Grant Street, Suite 5010
Pittsburgh, PA  15219

      Counsel for Appellees

_____

OPINION  OF  THE  COURT

_____

AMBRO, Circuit Judge

2

Appellant Odyssey Contracting Corp. and Appellee L&L Painting Co., Inc. were, respectively, a subcontractor and the prime contractor on a project to repaint the Queensboro Bridge. Over the course of that project, Odyssey and L&L became embroiled in a dispute over whether L&L was underpaying Odyssey. Consequently, Odyssey stopped its work, and the parties sued each other for breach of contract. After Odyssey filed for bankruptcy, this litigation became the subject of an adversary proceeding in the Bankruptcy Court.

At the final pre-trial conference, the parties entered into a stipulation approved by the Bankruptcy Court. The stipulation provided that if the Bankruptcy Court determined that Odyssey was the breaching party, then "all of the [p]arties' pending claims will be withdrawn and disposed of in their entirety with prejudice" and the adversary proceeding "shall be deemed to be finally concluded in all respects."

Following a bench trial, the Bankruptcy Court concluded that Odyssey was the breaching party. Accordingly, it entered an order "direct[ing] [the] parties to resolve the . . . adversary proceeding . . . in compliance with the [s]tipulation." The order also required the parties to provide a status update within three weeks as to whether that had been done.

Instead, Odyssey appealed to the District Court, seeking review of the Bankruptcy Court's decision that it was the breaching party. L&L moved to dismiss the appeal, arguing that, under the terms of the stipulation, Odyssey had released its claims and waived its right to appeal. The District Court agreed and modified the Bankruptcy Court's order to make it a dismissal of the adversary proceeding with prejudice.

Odyssey now appeals to us. Because we agree that Odyssey waived its right to appeal by entering into the stipulation, we will affirm.

3

## I. Jurisdiction

The Bankruptcy Court had jurisdiction under 28 U.S.C. §§ 157(a) and 1334(b). The District Court's jurisdiction, on which our jurisdiction depends, is less certain.

District courts have jurisdiction to "hear appeals . . . from final judgments, orders, and decrees . . . of bankruptcy judges." 28 U.S.C. § 158(a)(1). The order from which Odyssey appealed was the Bankruptcy Court's order directing the parties to resolve the adversary proceeding per the stipulation and requiring a status update on whether that had been done. Was this a final order conferring appellate jurisdiction on the District Court? With some hesitation, we conclude that it was.

"[C]onsiderations unique to bankruptcy appeals" require "constru[ing] finality in a more pragmatic, functional sense . . . ." *In re Prof'l Ins. Mgmt.*, 285 F.3d 268, 279 (3d Cir. 2002). Thus, "a bankruptcy court order ending a separate adversary proceeding is appealable as a final order even though that order does not conclude the entire bankruptcy case." *Id.* at 281 (quoting *In re Moody*, 817 F.2d 365, 367–68 (5th Cir. 1987)). But in determining whether an order deciding a specific adversary proceeding is final, we typically "apply the same concepts of appealability as those used in general civil litigation." *In re White Beauty View, Inc.*, 841 F.2d 524, 526 (3d Cir. 1988). "A final judgment is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Riley v. Kennedy*, 553 U.S. 406, 419 (2008) (internal quotation marks omitted). Thus an order is not final where it "contemplates the possibility of future

4

proceedings." *Delgrosso v. Spang & Co.*, 903 F.2d 234, 236 (3d Cir. 1990).

The Bankruptcy Court's order here could suggest—if not contemplate—the possibility of future proceedings, as it required the parties to "file a joint status report indicating whether all actions in compliance with the [s]tipulation and [o]rder ha[d] been taken to resolve [the adversary proceeding] or, if . . . not, why [not,]. . . and what steps remain to be taken." If Odyssey had not appealed when it did, the Bankruptcy Court may have issued a further order dismissing the parties' claims pursuant to the stipulation. Or it may have entertained a motion by L&L to enforce the stipulation. But as things stood when Odyssey appealed, *some* further action was required—either by the parties or the Bankruptcy Court[1]—as the order did not itself dismiss the parties' claims or provide that it would automatically ripen into a final order of dismissal absent some further action by the parties within a specified time period. *See United States v. Wang*, 926 F.2d 92, 94–96 (1st Cir. 1991) (concluding that an order was final where it provided that a settlement agreement would take effect unless the parties agreed to modify it within sixty days, and noting that the order "did not instruct the parties to report back for further proceedings"); *cf. Weber v. McGrogan*, 939 F.3d 232, 239–40 (3d Cir. 2019) (holding that an order dismissing a case without prejudice may be final where it is "self-executing" because it

---

[1] The parties, for example, could have further stipulated to dismissal under Federal Rule of Civil Procedure 41, which would have required the Bankruptcy Court to take no further action to dismiss the matter. *See* Fed. R. Civ. P. 41(a)(1)(A)(ii) (providing that an action may be dismissed without a court order when a stipulation of dismissal signed by all parties is filed); Fed. R. Bank. P. 7041 (providing that Federal Rule of Civil Procedure 41 applies in adversary proceedings).

contains "language converting the dismissal to a final order at the end of [a specified] period").

On the other hand, "if only a 'ministerial' task remains for the court to perform"—such as calculating damages when that task is mechanical and uncontroversial—"then immediate appeal is allowed." *Skretvedt v. E.I. DuPont De Nemours*, 372 F.3d 193, 200 n.8 (3d Cir. 2004). Here, the most that remained for the Bankruptcy Court to do was to enter a further order dismissing the parties' claims per the stipulation. Perhaps recognizing this, the District Court declined to remand the case for the Bankruptcy Court to "further interpret and enforce its order approving the stipulation," concluding that this would be "senseless[] given that Odyssey most[ ]likely would appeal the resulting[ ]decision" back to the District Court. J.A. 7. Instead, it took that small, ministerial step itself, modifying the Bankruptcy Court's order to dismiss the adversary proceeding with prejudice.

Because all that remained for the Bankruptcy Court to do was to dismiss the claims in accord with the stipulation, and mindful that in the bankruptcy context we construe finality in a more pragmatic, functional sense, we conclude that the Bankruptcy Court's order was final such that the District Court had jurisdiction to consider Odyssey's appeal under 28 U.S.C. § 158(a)(1). And because that Court had appellate jurisdiction, we have jurisdiction to review its final order disposing of the appeal under 28 U.S.C. §§ 158(d)(1) and 1291.

6

## II.    Analysis[2]

Having determined that we have jurisdiction, we next consider whether Odyssey waived its right to appeal by agreeing to the stipulation.  We conclude that it did.

In construing a stipulation, we consider first its plain language.  *Waldorf*, 142 F.3d at 612.  What the words indicate is that Odyssey waived its right to appeal the Bankruptcy Court's determination that it was the breaching party.

Paragraphs 1 and 2 of the stipulation set out the relevant language:

> 1.    In the event this Court [i.e., the Bankruptcy Court] determines after trial that Odyssey was the breaching party, then L&L's damages claim for the said breach(es) will be deemed to exceed Odyssey's damages claims for all of its claims . . . ; *and, thereupon, all of the Parties' pending claims will be withdrawn and disposed of in their entirety with prejudice by L&L and Odyssey, respectively*.
>
> 2.    In the event the Court determines after trial that Odyssey was the breaching party, the Parties' withdrawal and

---

[2] "Because the District Court sat [here] as an appellate court, [we] conduct[] the same review of the Bankruptcy Court's order as did the District Court." *In re Telegroup, Inc.*, 281 F.3d 133, 136 (3d Cir. 2002).  Our review of the latter's construction of the stipulation is plenary.  *Waldorf v. Shuta*, 142 F.3d 601, 608 & n.1 (3d Cir. 1998).

> disposition of their respective claims . . . shall include all their damages claims for . . . any and all . . . alleged wrongdoing of any type or description; . . . *and this proceeding shall be deemed to be finally concluded in all respects*. The Parties shall exchange mutual final releases reflecting the terms of this Stipulation.

J.A. 473–74 (emphases added).

The stipulation does not specifically refer to Odyssey's right to appeal the Bankruptcy Court's determination, yet several aspects of the above language indicate an intent to waive that right.

First, the stipulation provides that, following the Bankruptcy Court's determination, Odyssey will "thereupon . . . withdraw[] and dispose[] of" its claims. *Id.* at 474. "[T]hereupon" indicates that Odyssey will resolve its claims "immediate[ly]; without delay; [or] promptly." *Thereupon*, Black's Law Dictionary (11th ed. 2019). It is difficult to reconcile this language with Odyssey's reading of the stipulation, under which Odyssey need not dispose of its claims until after the resolution of one or more appeals, which would necessarily prolong the litigation.

Second, the stipulation provides that, upon the Bankruptcy Court's decision, "this proceeding shall be deemed to be finally concluded *in all respects*." J.A. 474 (emphasis added). Again, the possibility of an appeal is not consistent with this language: if an appeal were possible, then the proceeding is not finally concluded *in all respects*; indeed, the proceeding may continue on appeal and, should the appeal result in reversal, it may continue in the Bankruptcy Court.

8

Furthermore, paragraph 1 of the stipulation not only provides for the disposal of all of the parties' pending claims, but specifies that this disposition is "with prejudice." The inclusion of this legal term of art undeniably established that if the Bankruptcy Court—not the District Court or the Court of Appeals—found Odyssey to be the party that breached the contract, the litigation would end. In other words, the stipulation barred any appeal. *See With Prejudice*, Black's Law Dictionary (11th ed. 2019).

Apart from disputing the meaning of the stipulation's plain language, the parties ask us to apply opposite rules of construction where the stipulation is silent as to the right to appeal. Odyssey argues silence cuts in its favor, positing that a stipulation for a trial court to decide a certain claim does not waive the right to appeal the claim unless it is expressly waived. L&L urges the opposite rule—under which silence would support its position—arguing that a stipulation to a certain resolution of a claim waives the right to appeal the claim unless the right is expressly reserved. While neither party's position finds direct support in our cases, L&L's position is the better fit here.

L&L relies on the well-established principle that a party cannot appeal from a consent judgment if it did not expressly reserve its right to do so. *See, e.g.*, *Keefe v. Prudential Prop. & Cas. Ins. Co.*, 203 F.3d 218, 222–23 (3d Cir. 2000). In *Keefe* we held that a party may appeal from a consent judgment in order to challenge some contested order preceding the judgment so long as "it is clear from the record that the parties stipulated to [the] consent judgment with the express understanding that the party against whom judgment was entered would appeal [the] contested issue." *Id.* at 223. Our rationale for requiring a party to make clear its intent to appeal is to prevent unfair surprise to the opposing party, who agreed, after all, to settle the case without further litigation and "should

9

not be left guessing about the finality and hence efficacy of the settlement." *Id.* (quoting *Ass'n of Cmty. Orgs. for Reform Now v. Edgar* ("*ACORN*"), 99 F.3d 261, 262 (7th Cir. 1996)).

Odyssey correctly points out that the stipulation here is not a consent judgment as it was in *Keefe*. There the parties stipulated to a judgment in favor of the plaintiff with the understanding that the defendant would then appeal to seek review of a *previous* order—specifically, an order denying summary judgment to the defendant. 203 F.3d at 220. Here, by contrast, the stipulation was entered before trial, setting out the effect that a *subsequent* determination at trial would have on the proceedings—specifically the determination that Odyssey was the breaching party.

We conclude that this distinction makes no meaningful difference. In both instances the parties have agreed to resolve and end the litigation based on the Court's determination of a contested issue. The parties did so in *Keefe* after the District Court decided the contested issue; here the parties did so prospectively, that is, before the contested issue was decided. But the rationale for the rule in *Keefe* applies equally in both circumstances: a party that agrees to resolve and end a case— and thus gives up its right to press its claims or defenses in exchange for finality—should not be left guessing whether the opposing party can appeal. Rather, the party seeking to appeal must make its intent to do so clear at the time of the stipulation.

For its part, Odyssey relies on cases from our sister circuits that it contends establish a different rule: where the parties have stipulated that a trial court will decide a certain issue, the right to appeal must be expressly waived. *See, e.g.*, *In re Deepwater Horizon*, 785 F.3d 986, 997 (5th Cir. 2015); *Montez v. Hickenlooper*, 640 F.3d 1126, 1132 (10th Cir.

2011).[3] But even assuming these cases are persuasive, they are distinguishable in a significant way: they involve class-action consent decrees, in which the parties established a dispute resolution procedure for addressing individual class members' claims over which a district court was made the decisionmaker. *In re Deepwater Horizon*, 785 F.3d at 989; *Montez*, 640 F.3d at 1129.

The interest at stake in those cases was different from that at issue here. In class actions, settlement agreements cannot be approved unless the court determines that they are "fundamentally fair, reasonable, and adequate," the purpose of

---

[3] Odyssey also relies on two of our decisions, *Nicholson v. Altona Corp.*, 320 F.2d 8, 12 (3d Cir. 1963), and *Anderson v. White*, 888 F.2d 985, 990–91 (3d Cir. 1989). Both are distinguishable, as neither involved a stipulation setting the process for resolving and ending the litigation.

In *Nicholson* the parties stipulated that the defendant would deposit a check in escrow to satisfy "any [j]udgment that may be rendered . . . in favor of plaintiff." 320 F.2d at 12. We held that this stipulation did not waive the defendant's right to appeal the judgment. *Id.*

In *Anderson* the Court entered summary judgment in favor of all defendants except one (Kravitz), who had failed to move for summary judgment even though the claims against her turned on the same issues. 888 F.2d at 990. Recognizing this oversight prevented an immediate appeal, the plaintiffs and Kravitz stipulated to entry of summary judgment for Kravitz. *Id.* We held the stipulation did not waive the plaintiffs' right to appeal and had merely "cure[d] a procedural problem." *Id.* at 991.

11

which is to "protect unnamed members of the class from unjust or unfair settlements." *Ehrheart v. Verizon Wireless*, 609 F.3d 590, 592–93 (3d Cir. 2010). It may be that the interest in protecting individual class members requires an explicit waiver of the right to appeal. But that interest does not apply in our case, which involves a dispute between sophisticated business entities. What does apply is the interest we identified in *Keefe*—preventing a party from being caught by surprise or "left guessing about the finality and hence efficacy of the [stipulation for resolution]." *Keefe*, 203 F.3d at 223 (quoting *ACORN*, 99 F.3d at 262).

In sum, the language of the stipulation confirms Odyssey's intent to end all its pending claims if the Bankruptcy Court rules that Odyssey breached its contract with L&L. And this construction is further supported by the rule we set out in *Keefe*: a party that seeks to appeal must make its intent to do so clear at the time of the stipulation setting the manner for resolution. Accordingly, we conclude that Odyssey waived its right to appeal the Bankruptcy Court's order and will affirm the order of the District Court.